No. 19,368.

MARIE H. STAPLES *v.* MILDRED L. LANGLEY, ET AL.

(366 P. [2d] 861)

Decided December 4, 1961.   Rehearing denied December 26, 1961.

Mr. JAMES E. GRIFFITH, for plaintiff in error.

Mr. MYRON H. BURNETT, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE MCWILLIAMS.

MARIE H. STAPLES sued Mildred L. Langley and Robert R. Langley, alleging that their negligence caused her grievous personal injuries along with minor damage to her automobile, and prayed for damages in the amount of $44,891.92. The Langleys admitted that a vehicle owned and maintained as a family car by Robert and at the time being driven by his wife, Mildred, collided with a vehicle owned and being driven by Marie Staples, but they denied the other allegations in the complaint. They also affirmatively pled contributory negligence and unavoidable accident. Upon trial the jury returned a verdict for Staples against both Langleys in the amount of $50.

Staples filed a motion for a new trial on the issue of damages only, contending that the determination by the jury that her damages were only $50 was contrary to the overwhelming weight of the evidence and grossly inadequate. This motion was denied, and Staples by writ of error seeks reversal of the judgment entered on the verdict.

Since there is no cross assignment of error to the determination by the jury that the Langleys are liable to Staples, we are accordingly not concerned with the details of the collision, except as they may reveal the nature and extent of the personal injuries allegedly sustained by Staples in the accident. It is sufficient to note that the Staples' vehicle, which was stopped in a line of traffic waiting for a red light, was struck in the rear by the Langley vehicle which was following the Staples' car, and that the driver, Mildred Langley, testified that she was unable to stop because of the slick and icy streets. The total cost of repairs for the resulting damage to the Staples' car was $110.91, the rear bumper and trunk deck having been slightly damaged.

Upon trial Staples on direct examination advised the jury that she had a "$50 deductible" insurance policy and that she accordingly paid only $50 on the repair of her vehicle and that her insurance carrier paid the balance of the bill, namely $60.91. She testified in so many words that she was therefore making claim for only $50 for the damage to her vehicle. The record is silent as to whether her insurance carrier joined in this act of unsolicited generosity.

Under such circumstances it is agreed by counsel that the $50 award by the jury represented the damage to her vehicle, and that the jury accordingly determined that Staples suffered no personal injuries in this accident. The issue to be resolved therefore is whether the jury was justified in determining that Staples sustained no personal injuries as a result of this accident.

Staples contends that the overwhelming weight of the evidence is that she sustained serious personal injuries to her right knee, left chest area, back and shoulders and further that the uncontradicted and thrice corroborated evidence is that she suffered a "whip lash" type of injury to the neck.

The Langleys contend that the evidence as to the cause of the various and sundry personal injuries claimed by Staples was conflicting, that there was competent evidence that the injuries complained of by Staples as having been incurred in the accident of December 2, 1955, were in fact the result of two separate falls admittedly suffered by Staples in January 1955 and in April 1954, and that under these circumstances the verdict should not be disturbed.

Staples testified that when her car was struck from behind by Mildred Langley that "the seat slipped out of the catch and came flying up and caught me, pinning my leg against the dashboard, twisting me and throwing me against the steering wheel." Within a very few days after the accident Staples began to notice what she described as "sharp pains coming up from my shoulders

into my — vibrating into my neck." Five days after the accident Staples went to Dr. E. C. Penn, a general practitioner, complaining of a "tenderness at back of the neck, pain in the left chest area," headaches and assorted bruises of varying proportions. Two days after his initial examination Dr. Penn ordered Staples to a hospital, stating that he did so because he "was concerned whether or not the car accident could probably be having some delayed action on the brain or nervous system." Dr. Penn testified that among other injuries, Staples definitely suffered a "whip lash" type injury to the cervical spine. He admitted that he could not be absolutely "positive" as to the origin of this injury, but quite definitely believed that it was caused by the automobile accident of December 2nd. For this whip lash injury she received the usual and accepted treatment, namely bed rest, physical therapy, including diathermy, traction and a Thomas collar, and altogether she remained in the hospital for some eighteen days.

While in the hospital Dr. Penn called in a specialist, one Dr. John G. Griffin, who was conceded by opposing counsel to be a "well-qualified" neuro-surgeon. Dr. Griffin testified that Staples suffered an injury which he described as a "typical flection extension sprain of her neck" and that such was "a result of the rear end collision that she was involved in." Dr. Griffin concluded with his opinion that even as of the date of trial Mrs. Staples was still suffering from this particular injury to her neck.

Dr. William F. Stanek, an expert witness called by the Langleys, was also of the opinion that Staples suffered an injury of perhaps minor proportions to her cervical spine and based on his examination he too felt this injury was occasioned by the automobile accident of December 2nd. Dr. Stanek testified, however, that the other injuries complained of by Staples undoubtedly resulted from other causes than the accident.

Recapitulating, Staples said she suffered an in-

jury to her neck in this accident, and her testimony was corroborated by three doctors. There was no testimony to the contrary, and the evidence, sketchy as it was, concerning her earlier falls failed to disclose any suggestion of prior injury to the neck or cervical spine. In this state of the record the jury, in effect, found that she suffered *no* personal injuries in the accident, a verdict that is patently at odds with the evidence and cannot be permitted to stand.

There well may be a genuine dispute as to the origin of certain of Staples' claimed injuries. She admittedly suffered two falls some time prior to the automobile accident of December 2nd. But that she suffered some personal injury in this accident, with usual resultant damages including hospital and medical expense, is believed to be both obvious and irrefutable. The fact that it may perhaps be difficult to determine the exact extent of these injuries incurred in this accident does not justify the jury in awarding her nothing. The jury either disregarded the trial court's instructions as to the measure of damages or ignored the evidence which at the very least established an injury to her neck. See *Farmer v. McColm,* 148 Colo. 39, 364 P. (2d) 1059; *Murrow v. Whiteley,* 125 Colo. 392, 244 P. (2d) 657.

The Langleys rely strongly upon *Lehrer v. Lorenzen,* 124 Colo. 17, 233 P. (2d) 382 where it was said:

"Considering Rule 59, R.C.P. Colo. we hold it to be an abuse of discretion on the part of the court to set aside the verdict of the jury and grant a new trial solely on the ground of inadequacy of the verdict unless, under the evidence, it can be definitely said that *the verdict is grossly and manifestly inadequate,* or unless the amount is so small as to clearly and definitely indicate that *the jury neglected to take into consideration evidence of pecuniary loss. . . .*" (Emphasis supplied.)

In the instant case we conclude that the verdict of $50 is "grossly and manifestly inadequate" and further that it "is so small as to clearly and definitely indicate

that the jury neglected to take into consideration evidence of pecuniary loss" suffered by Marie Staples in the automobile accident of December 2nd, and that accordingly the trial court erred in denying Staples' motion for a new trial on the issue of damages only.

The judgment so far as it constitutes a determination of the liability of the Langleys is affirmed. With respect to the award of damages the judgment is reversed and the cause remanded with directions to grant a new trial on the question of damages only.

MR. CHIEF JUSTICE HALL and MR. JUSTICE FRANTZ concur.