**CHAMPION HOME BUILDERS and Roger L. Hickman, Appellants,**

v.

**Leona J. SHUMATE, Appellee.**

**CHAMPION HOME BUILDERS and Roger L. Hickman, Appellants,**

v.

**Susan Gail SHUMATE, etc., Appellee.**

**CHAMPION HOME BUILDERS and Roger L. Hickman, Appellants,**

v.

**Michael G. PIPER, etc., Appellee.**
Nos. 8895–8897.

United States Court of Appeals
Tenth Circuit.
July 18, 1967.

Glenn J. Shanahan, Wichita, Kan. (Dale M. Bryant and Morris H. Cundiff, Wichita, Kan., on brief), for appellants.

John W. Brimer, Wichita, Kan. (William P. Higgins, Wichita, Kan., on brief), for appellees.

Before JONES *, SETH and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

The only issue in this tort action is the amount of damages awarded as compensation to persons and property injured in a rear-end collision at a stop sign on a public highway in Kansas. Appellant herein confessed liability on the part of its driver, and appellees proceeded to introduce evidence of the personal and property damages sustained as a result of the collision. The jury awarded damages to all the appellees for their personal injuries and awarded damages to appellee Piper for damage to his motor vehicle.

After judgment had been given upon the verdicts, appellant moved for a new trial on the grounds that the verdicts were contrary to the evidence and the law, were excessive, and had been given under the influence of passion and prejudice. The trial court overruled the motion. Appellants charge as error the trial court's failure to grant a new trial. The cases are consolidated by order for the purposes of this appeal.

■ Turning first to the questions relative to the evidence adduced in the trial of the case, we are cognizant of the rule, "A motion for a new trial on the ground that the verdict of the jury is against the weight of the evidence is normally one of fact and not of law and is addressed to the discretion of the trial court and the decision of the trial court on such a motion will not be reviewed in the absence of a showing of abuse of discretion." Locke v. Atchison, Topeka and Santa Fe Railway Company, 309 F.2d 811, 817 (10th Cir. 1962).

■ The standards used to show abuse of discretion have been established by this court. "In order to justify a court in setting aside the verdict of a jury, the verdict must be clearly, decidedly, or overwhelmingly against the weight of the evidence." Locke v. Atchison, Topeka and Santa Fe Railway Company, supra.

■ "In reviewing the record, we are mindful that the jury verdict must not be preempted unless it has no basis in fact. Insufficiency of the evidence is a ground for directing a verdict or granting a new trial [Citations omitted]. But, as we said in United States v. Hess, 10 Cir., 341 F.2d 444, '* * * to be insufficient to support a verdict, the evidence must all be one way from which only one reasonable inference can be drawn.' In this regard, the evidence must be viewed in a light most favorable to the party against whom a motion is made and he must be given the benefit of all inferences fairly drawn therefrom. [Citation omitted]." United States v. Fenix and Scisson, Inc., 360 F.2d 260, 262 (10th Cir. 1966).

The testimony of the appellees identified their personal injuries, established that the injuries occurred at the time of the collision, and explained the pain and discomfort suffered by appellees during the eighteen month period between the time of the collision and the date of trial.

■ The medical testimony relative to the damages sustained by Leona Shumate identified her injury as a back and neck sprain. A neurological residual from her neck sprain causes the pupil of her left eye to become larger and the

* Of the Fifth Circuit, sitting by designation.

eyelid droops. The record discloses she suffered pain, with no apparent relief, from July 1964 through December 1965 and that she still suffers from pain and discomfort. It was stipulated that the cost of medical attention for her was $1,406.38. The jury awarded her $13,-500.00 for all of the elements properly considered in a personal injury action. It was further disclosed that Leona Shumate, a housewife approximately aged 43 years, required domestic help to perform the family chores normally accomplished by her prior to the collision. As a result of the collision, she was unable to participate in the normal family recreation and could not provide the normal type of home life formerly enjoyed by her family. The jury awarded $2,500.00 as compensation for this loss.

A teenage daughter of Mrs. Shumate was also injured in the collision. She suffered residual pain and spasm in her neck and lower back resulting from a whiplash injury. Her medical expenses were stipulated as $166.35. The child had been delicate during her entire lifetime and testified that she still suffers pain. The jury awarded $1,700.00 as compensation for her injuries.

Appellee Piper, the owner and operator of the vehicle with which appellant collided, was a young man twenty-one years of age. Mr. Piper suffered a back sprain which aggravated a scoliosis condition of his spine. He suffered pain in the upper center of his back, his neck and shoulder. The residual effects of these injuries were apparent to his employer and required that he be given lighter work. He has continued to suffer from the residual effects during his current employment as a draftsman and this discomfort was elaborately explained by him. The medical expenses for Mr. Piper were stipulated as being $326.50. He was awarded damages in the amount of $7,000.00 as compensation for his injuries.

The evidence recited above, viewed in a light most favorable to the parties against whom the motions were made, given the benefit of all inferences fairly drawn therefrom, appears sufficient to justify the awards.

It is noted that "pain and suffering * * * have no monetary equivalent, and the amount of damages to be awarded therefor must be left to the judgment of the jury subject only to correction by the courts for abuse and passionate exercise." 22 Am.Jur.2d Damages § 342 (1965).

■ The trial court, the exercise of whose discretion is herein challenged, did not conclude that the amounts "bear no reasonable relation to the loss to be compensated for" nor that it was "obvious that the amount of damages awarded by the jury was highly conjectural or imaginative." Annot., 12 A.L.R.3rd 153 (1967). However, the appellant alleges that the verdicts were excessive and appeared to be the result of passion and prejudice requiring the trial court to grant a new trial. "Ordinarily this question is primarily for the trial court alone and a determination thereof presents no grounds for reversal on appeal except for manifest abuse of discretion. [Citations omitted]." Smith v. Welch, 189 F.2d 832, 837 (10th Cir. 1951).

In view of the record examined by us, we cannot conclude that the trial court abused its discretion in the light of the standards established by this court. We do not find that the jury's verdict is "clearly, decidedly, or overwhelmingly against the weight of the evidence." Locke v. Atchison, Topeka and Santa Fe Railway Company, supra. This also appears to be the rule in Kansas. "This court has the power to review the order of the district court refusing to set aside a verdict as excessive. If we would reverse, it must be because of an abuse of discretion. If the question of excessiveness is close or in balance, we must affirm. The very nature of the problem requires restraint. We are required to resolve any doubtful issue in favor of the judgment of the district court." Underwood v. Missouri-Kansas-Texas Railroad Co., 191 Kan. 338, 381 P.2d 510, 515 (1965).

The burden of appellant's arguments to establish passion and prejudice is primarily based upon the size of a verdict for damages to the personal property of appellee Piper. The vehicle was purchased new on June 10, 1964, and the collision occurred on July 1, 1964. He identified the vehicle as a new car and, aided by photographic exhibits, described the property damage. Some of the damage described was not contained in the repair estimates which were admitted as evidence. It is contended by appellants that appellee Piper should only have received the amount of the estimated repair to his property. The jury awarded him approximately four times the amount of the repair estimates and less than one-half the amount of the new price paid for the vehicle as evidenced by the instruments establishing its initial cost admitted in evidence. It is contended as a matter of law that the jury did not follow the instruction given by the court which in effect establishes the measure of damages. " * * * *when repairs can restore the automobile to its previous condition,* the measure of damages is the fair and reasonable cost of the repairs plus a reasonable amount of compensation for loss of use of the automobile while being repaired with ordinary diligence not to exceed the value of the automobile before the injury." [Emphasis supplied]. This instruction is in line with the rule laid down in McAlister v. McNown, 174 Kan. 608, 258 P.2d 309 (1953), wherein it is indicated that the owner of a vehicle is entitled to have a vehicle made as good as before the collision.

However, in Broadie v. Randall, 114 Kan. 92, 216 P. 1103, 32 A.L.R. 708 (1923), the Kansas court established the measure of damages to be considered when the property cannot be restored to its original condition by repair: "The measure of such damages, if any, is the difference in the fair and reasonable market value of the car immediately prior to the time of said injury and its fair market value immediately after such injury." The effect of ap-

pellee-plaintiff's testimony was to indicate that the new vehicle sustained injuries, the repair of which did not alone restore it to its condition prior to the collision; therefore, in our opinion, the jury, exercising their knowledge of affairs common to all people, could reasonably conclude that when a new car is damaged in a collision, estimates of repair alone cannot properly compensate the owner for the damages to his property. The trial court recognized this in denying the motion for new trial. The court properly instructed the jury and they found in accordance with the instruction and the law of Kansas that the property damage exceeded the repair estimates because the estimates would not restore it to its original value. We therefore conclude, in view of all the evidence contained in the record, and the applicable law, that the trial court was correct when it denied the motion for a new trial.

Affirmed.