No. 22312.

WILLIAM C. DENTON *v.* DAVID L. NAVRATIL.

(459 P.2d 761)

Decided October 20, 1969.

Victor E. DeMouth, for plaintiff in error.

Forrest C. O'Dell, Samuel Berman, for defendant in error.

*In Department.*

Opinion by Mr. Justice Groves.

The parties appear here in the same order as in the trial court. This is a rear-end collision case in which the accident occurred at an early daylight hour where the street was icy and very slick. Plaintiff had stopped his car at a stop sign and, as traffic on the through street was heavy, had been stationary between two and four minutes. Defendant approached from the rear, seeing the plaintiff's car when a half block away. He "shifted down" and when about six car lengths from plaintiff's automobile he "hit the brakes," causing the wheels to "lock." Defendant's car slid, striking the right rear corner of plaintiff's vehicle.

The plaintiff's special damage amounted to $622.44, consisting of his expenditures for repair of his car, medical services, drugs and orthopedic appliances. The jury returned a verdict in favor of the plaintiff in the amount of $622.80, being only 36¢ more than the plaintiff's outlays. We reverse and remand for a new trial on the question of damages only.

The plaintiff argues that the trial court should

have directed a verdict on the question of liability and, therefore, the case should be retried only on the question of damages. Whether there should have been a directed verdict as to liability is an academic question. We hold that the jury's verdict in this respect is determinative.

The plaintiff was the owner and operator of a one-man barber shop. Testimony of the plaintiff and that of his wife was to the following effect: he experienced considerable pain following the accident, which continued intermittently to the time of trial two years following the accident; he was unable to be on his feet as a barber for a full day at any time since the accident, with a consequent reduction in earnings; he was obliged to wear a collar for several months and was forced to use a traction device every evening for a year and periodically thereafter; because of the trembling of his hand he was no longer able to shave customers; he was rendered unable to perform certain tasks, such as painting a ceiling or shoveling snow; he has been required to take medicine continually to ease his pain; and at no time prior to the accident did he have such symptoms and disability.

If this had been the only testimony as to damage, perhaps we could conclude that the jury had the right to — and did — disbelieve it. However, the testimony as to injury resulting from the accident and as to pain and disability was corroborated not only by the plaintiff's orthopedic surgeon, but by another orthopedist called to the stand by the defendant.

Plaintiff's doctor testified that, while the plaintiff had a pre-existing arthritic condition, all of his pain and disability was attributable to the accident; that as a result of the collision he had sustained pain, definite spasms of the lumbar muscles and a neck strain, with resulting disability; and that "he has reached pretty much a static situation where his pain and his restriction of motion and disability will remain practically the same indefinitely."

The orthopedic surgeon called by the defendant stated

that the accident aggravated his pre-existing arthritic condition; that he had no reason to believe that the plaintiff did not suffer the pain of which he complained; that plaintiff had a 5% loss of function as a working unit, one-half thereof representing pre-existing arthritis and the other half due to aggravation caused by the collision. This doctor also stated that as a result of the injury, "heavy manual work would bother him, and probably his work, requiring him to be on his feet a good deal, would also tend to bother him from time to time."

Under this state of the record, the conclusion is inescapable that plaintiff sustained injuries for which he is entitled to damages beyond his actual outlays and that the jury failed in its function by refusing to recognize this undisputed fact and to assess the resulting compensatory damage. This matter falls within the scope of *Staples v. Langley,* 148 Colo. 498, 366 P.2d 861 and, as there, this is a case in which only the question of damages should be retried.

The judgment is affirmed with respect to liability and reversed as to damages. The case is therefore remanded with directions to grant a new trial on the question of damages only.

MR. CHIEF JUSTICE MCWILLIAMS, MR. JUSTICE DAY and MR. JUSTICE KELLEY concur.