No. 22494.

JAMES F. KISTLER *v.* SHIRLEY M. HALSEY.
(481 P.2d 722)

Decided February 22, 1971.     Rehearing denied March 15, 1971.

HILL & COYTE, ALDEN V. HILL, for plaintiff in error.
O. REX WELLS, JAMES P. JOHNSON, SAMUEL L. ANDERSON, for defendant in error.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

JAMES F. KISTLER was plaintiff in the trial court and brought his negligence action seeking damages from Shirley M. Halsey for injuries suffered as a result of an automobile-bicycle collision which occurred on July 14, 1965, at the intersection of Taft Avenue and West First Street near Loveland, Colorado. Plaintiff prayed for damages in the amount of $11,765.64.

Defendant denied negligence and alleged that the collision was the result of plaintiff's sole negligence or contributory negligence. By reply plaintiff alleged the last clear chance doctrine.

Trial was to a jury. Defendant's motion for dismissal and for a directed verdict were denied. The jury returned a verdict in favor of plaintiff for $593.35 only, which was the exact amount of plaintiff's special damages. Plaintiff then moved for a new trial as to damages only, which the court denied. Defendant's motion for judgment notwithstanding the verdict, or in the alternative for a new trial, was also denied. Both parties assign error to the trial court's adverse rulings.

In summary the evidence showed that the collision occurred at approximately 8 a.m. on a bright sunlit day. The intersection at which the collision took place was a four-way stop intersection. "Stop Ahead" warning signs were posted approximately 250 feet from the intersection and additionally at the intersection were located four stop signs. The surface of the road was paved with as-

phalt and was dry. However, there was a collection of sand and gravel on the surface of the roadway in the intersection. Defendant, who was proceeding easterly on First Street, admittedly did not stop at the intersection. Estimates of her speed prior to entering the intersection were from 25 to 35 miles per hour. The investigating officer testified that defendant's pickup truck skidded 127 feet from a point 35 feet west of the intersection into and through the 32-foot-wide intersection, continuing on to a point 60 feet beyond the east side of the intersection. The point of impact was 16 feet south of the north line and 14 feet east of the west line of the intersection.

A witness who was following plaintiff as he was proceeding south on Taft Avenue testified that plaintiff stopped pedaling his bicycle and slowed down as he approached the intersection; that he looked to his left and then to his right, and upon seeing defendant's vehicle he applied his brakes and tried to stop; that his bicycle skidded on the sand and gravel in the intersection as he attempted to turn to his left (easterly) to avoid the collision. Plaintiff's body was struck by a side-mounted tire on the left rear of defendant's truck and was hurtled into the air, eventually coming to rest 49 feet easterly from the point of impact. Plaintiff, because of the injuries received, had no recollection of the events prior to the collision.

The undisputed medical evidence showed that plaintiff suffered painful injuries consisting of multiple abrasions, lacerations of the face and head, a cerebral concussion, a fracture of the left clavicle, a fracture of the nose, and multiple sprains and strains of the spine and neck. In the opinion of each of the medical doctors who testified, plaintiff's left shoulder was permanently disabled from 10 to 15%. His disability as a working unit was estimated to be from 2 to 6%.

I.

As we view the record, the questions of negli-

gence, contributory negligence and last clear chance were properly matters for the jury's determination and the trial court was correct in denying defendant's motions for dismissal, for directed verdict, and for judgment notwithstanding the verdict, or in the alternative for a new trial. When measured by the tests set forth in *McGlasson v. Barger*, 163 Colo. 438, 431 P.2d 778, and *Nettrour v. Penney Co.*, 146 Colo. 150, 360 P.2d 964, we cannot say that the evidence in this case, and all reasonable inferences that may be drawn therefrom, when viewed in the light most favorable to the plaintiff, did not present issues upon which reasonable minds might differ and from which a jury could not reasonably conclude that the defendant was negligent.

Neither party assigned error to the instructions as given by the court, and in this connection it appears that the last clear chance doctrine was particularly applicable to the case when considered in the light most favorable to the plaintiff. Assuming that plaintiff was contributorily negligent in placing himself in a situation of imminent danger from which he could not through the exercise of reasonable care remove himself in time to avoid being injured, the jury could well have reasonably concluded that defendant by the exercise of reasonable care should have discovered plaintiff's perilous situation in sufficient time so that she could have by exercising due care avoided the collision. We consider the liability issue to have been properly resolved.

II.

We agree with plaintiff's contention that the court erred in denying plaintiff's motion for a new trial on the issue of damages only. R.C.P. Colo. 59(a)(5). The verdict, considering the undisputed evidence of the multiple physical injuries sustained by plaintiff, was manifestly inadequate, indicating that the jury disregarded the court's instructions on damages which properly charged the jury to consider the nature and extent of plaintiff's injuries, his physical and mental pain and

suffering, and any permanent injuries and disabilities, if established by the evidence. Such a verdict as herein found by the jury was not a true verdict rendered according to the law and the evidence as required by the jurors' oath of office. The jury failed in its function in this respect by refusing to recognize the undisputed facts concerning plaintiff's injuries and to award him compensatory damages to which he was entitled. Under these circumstances a new trial on the issue of damages only is warranted. *Denton v. Navratil,* 170 Colo. 158, 459 P.2d 761; *Staples v. Langley,* 148 Colo. 498, 366 P.2d 861; *Murrow v. Whiteley,* 125 Colo. 392, 244 P.2d 657; *Lehrer v. Lorenzen,* 124 Colo. 17, 233 P.2d 382.

### III.

■ Additional error is assigned to the trial court's ruling in not permitting the jury to consider plaintiff's claim of loss of wages in the amount of $550 for the 13-day period he was away from work. The evidence showed that plaintiff was actually paid his full wages by his employer pursuant to his company's employment policy providing for sick leave for the 13-day period during which he was incapacitated. The trial court struck the evidence of loss of wages from the jury's consideration and excluded such loss of wages as an element of damages that might be recovered. This ruling was erroneous.

■ The principle of the collateral source doctrine has been recognized by this Court in the following cases: *Pueblo v. Ratliff,* 137 Colo. 468, 327 P.2d 270; *Carr v. Boyd,* 123 Colo. 350, 229 P.2d 659; *Riss & Co. v. Anderson,* 108 Colo. 78, 114 P.2d 278; *King v. Baur Co.,* 100 Colo. 528, 68 P.2d 909. Simply stated, it is that compensation or indemnity received by an injured party from a collateral source, wholly independent of the wrongdoer and to which he has not contributed, will not diminish the damages otherwise recoverable from the wrongdoer. We adopt what we believe to be the majority view and hold that the doctrine is applicable where the source

of compensation is wages paid by an employer under an employment rule or policy providing for sick leave and accumulation thereof. *Lewis v. Contra Costa County*, 130 Cal. App.2d 176, 278 P.2d 756; *Royer v. Eskovitz*, 358 Mich. 279, 100 N.W.2d 306; *Carroll v. Roman Catholic Diocese*, 26 App. Div. 2d 552, 271 N.Y.S.2d 7, *appeal dismissed*, 18 N.Y.2d 708, 274 N.Y.S.2d 144, 220 N.E.2d 793; *Trujillo v. Chavez*, 76 N.M. 703, 417 P.2d 893; *Rigney v. Cincinnatti Street Railway Co.*, 99 Ohio App. 105, 131 N.E.2d 413, 52 A.L.R.2d 1443; *Martin v. Sheffield*, 112 Utah 478, 189 P.2d 127; 22 Am. Jur. 2d *Damages* § 208; 25 C.J.S. *Damages* § 99(3). *See also* collection of cases in annotation at 7 A.L.R.3d 516.

The judgment is affirmed on the issue of liability. The judgment is reversed on the issue of damages, and the cause remanded with instructions to vacate and set aside the verdict of the jury and to grant a new trial on the issue of damages only.