T. Dean BROWN, Plaintiff-Appellant,

v.

RICHARD H. WACHOLZ, INC., d/b/a
Silver King Motor Inn, Defendant-
Appellee.

No. 72–1209.

United States Court of Appeals,
Tenth Circuit.

Sept. 25, 1972.

Rehearing Denied Nov. 8, 1972.

------

John H. McElhaney, Dallas, Tex. (of
counsel, Turner, Rodgers, Winn, Scur-
lock & Sailers, Dallas, Tex., John H. Wil-
liamson, Denver, Colo., and Eugene L.
Smith, Lubbock, Tex., on the brief), for
plaintiff-appellant.

Stephen E. Connor, of Wood, Ris & Hames, Denver, Colo., for defendant-appellee.

Before BREITENSTEIN, SETH and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

In this diversity action for personal injuries the plaintiff-appellant recovered a verdict in the amount of $1,705.00, which was the exact dollar amount of his out of pocket expenses for hospital and medical. He seeks a reversal, contending that the trial court erred in refusing to grant a new trial because of the inadequacy of the award.

The injury was the result of plaintiff-appellant's slip and fall on the sidewalk in front of defendant's place of business. The fall was on ice which had formed on the sidewalk below a drain spout from defendant's building. This occurred as plaintiff was leaving the defendant's restaurant after having eaten dinner there. He was walking with the aid of canes when the fall occurred. The evidence showed that plaintiff-appellant had a preexisting condition. He had had poliomyelitis some years before and this left him with deterioration of his thigh muscles on the right leg. When he fell his right femur was broken at a point about six to eight inches above the knee joint. This injury necessitated an internal reduction operation which was performed by an orthopedic surgeon in a hospital in Dallas, Texas.

After the injury, and following the taking of x-rays in a hospital in Leadville, plaintiff's companions transported him by automobile (camper) to Texas for treatment by an orthopedic surgeon who had previously administered to him. There the open reduction operation was performed and a six-inch stainless steel plate with screws was installed. Plaintiff remained in the hospital for about 11 days, but was confined to a wheelchair for a period in excess of three months thereafter, or until February 1, 1970.

After that, he continued in a cast or splint for an additional two months.

The medical testimony described the operation in some detail and was to the effect that both healthy muscle tissue and that which had been affected by the disease which plaintiff had previously suffered was removed. Thus, it is contended that the injury and the surgical procedure produced additional scarring of the remaining healthy tissue, and that he has permanent disability in the function of the right leg. The testimony of the orthopedic surgeon who performed the operation was that plaintiff suffered a 20 percent impairment of the leg which resulted in inability to control the inward rotation of the affected leg and foot, resulting in impairment of plaintiff's ability to walk, drive a car and perform other functions. Following the return of a verdict for the amount of actual out of pocket medical and hospital expenses, plaintiff moved for a new trial based on the alleged inadequacy of the damages. This motion was denied.

The primary question before us is whether the action of the trial court in denying the motion for a new trial was an abuse of discretion which requires a new trial.

The other question is whether the court erred in refusing to instruct in accordance with Colorado Pattern Jury Instruction 6:8 on apportionment of damages. The trial itself was errorless and, as we have noted, the review is limited to the alleged inadequacy of the verdict.

Appellate courts are disinclined to review the action or the ruling of a federal district court denying a motion for a new trial, wherein the verdict is alleged to be either inadequate or excessive, and the early ruling was that such exercise of discretion would not be set aside. See 6A Moore's Federal Practice ¶ 59.08 (6). At present, however, all of the circuits have taken the position that such review is within their authority and have tended to exercise this power in appropriate cases.[1] The applicable standard in

1. See Professor Moore's discussion at pages 3834, 3836 and 3824.

both the inadequacy and excessiveness situations is abuse of discretion. See for example Barnes v. Smith, 305 F.2d 226, 228 (10th Cir. 1962), wherein it was stated:

> * * * [I]t is established by precedent in this circuit,[1] and others, that the trial court's refusal to grant a new trial upon such ground [the excessiveness or inadequacy of a verdict] may be reviewed and set aside if an abuse of discretion appears clear. * * *

(Court's footnote 1): Ziegler v. Akin, 261 F.2d 88 (10th Cir. 1958); Franklin v. Shelton, 250 F.2d 92 (10th Cir. 1957); E. L. Farmer & Co. v. Hooks, 239 F.2d 547 (10th Cir. 1956); Chicago, R.I. & Pac. Ry. Co. v. Kifer, 216 F.2d 753 (10th Cir.), cert. denied, 348 U.S. 917, 75 S.Ct. 299, 99 L.Ed. 719 (1954); Smith v. Welch, 189 F.2d 832 (10th Cir. 1951); Snowden v. Matthews, 160 F.2d 130 (10th Cir. 1947).

This court has further defined the abuse of discretion standard to the effect that it must appear in order to have an abuse of discretion that the verdict resulted from bias, prejudice or passion.[2]

■ State law must be looked to in order to ascertain the elements of damages which are recognized.[3]

■ Under applicable Colorado law the jury's authority does not include limiting the award to actual medical expenses where the undisputed evidence establishes both pain and suffering and permanent disability. In Kistler v. Halsey, Colo., 481 P.2d 722 (1971), the jury returned such a verdict, that is, one limited to special damages. At the same time, the evidence established that plaintiff had suffered pain as well as permanent disability. In reversing and remanding for new trial the Colorado Supreme Court stated that the jury had refused to recognize the undisputed facts establishing plaintiff's injuries.[4]

And in Staples v. Langley, 148 Colo. 498, 366 P.2d 861 (1961), the award was

2. See 3 Barron & Holtzoff (Wright ed.) 1302.1, citing Chicago, R.I. & Pac. Ry. Co. v. Kifer, supra, 216 F.2d at 757 and Barnes v. Smith, supra, 305 F.2d at 228. Such bias, prejudice or passion, however, may be inferred from the excessiveness or inadequacy of the verdict. E. g., Earl W. Baker & Co. v. Lagaly, 144 F.2d 344, 347 (10th Cir. 1944) ("When attacked on this ground [excessiveness], a verdict should not be disturbed on appeal unless it is so plainly excessive as to suggest that it was the result of passion or prejudice on the part of the jury.") (emphasis added); Snowden v. Matthews, 160 F.2d 130, 131 (10th Cir. 1947) ("It cannot be said that the award is not supported by the evidence, or that it is so excessive as to shock the conscience and to raise an irresistible inference that it was the result of passion, prejudice, corruption, or other improper cause.") Further, it has been stated that "in most instances the only guide available upon review to test the properness of an award is a comparison of amount with injury." Barnes v. Smith, supra, 305 F.2d at 228.

3. Champion Home Builders v. Shumate, 388 F.2d 806, 810 (10th Cir. 1967). See also Barnes v. Smith, supra, 305 F.2d at 230–231; Anderson-Thompson, Inc.

v. Logan Grain Co., 238 F.2d 598, 602 (10th Cir. 1956).

4. The Court said at p. 724:
The verdict, considering the undisputed evidence of the multiple physical injuries sustained by plaintiff, was manifestly inadequate, indicating that the jury disregarded the court's instructions on damages which properly charged the jury to consider the nature and extent of plaintiff's injuries, his physical and mental pain and suffering, and any permanent injuries and disabilities, if established by the evidence. Such a verdict as herein found by the jury was not a true verdict rendered according to the law and the evidence as required by the jurors' oath of office. The jury failed in its function in this respect by refusing to recognize the undisputed facts concerning plaintiff's injuries and to award him compensatory damages to which he was entitled. Under these circumstances a new trial on the issue of damages only is warranted. Denton v. Navratil, [170 Colo. 158,] Colo., 459 P.2d 761; Staples v. Langley, 148 Colo. 498, 366 P.2d 861; Murrow v. Whiteley, 125 Colo. 392, 244 P.2d 657; Lehrer v. Lorenzen, 124 Colo. 17, 233 P.2d 382.

limited to the automobile property damage. In reversing because of inadequacy, the court stated that the jury had either disregarded the instructions or ignored the undisputed evidence.

Other cases which reach a similar conclusion are Franklin v. Templeton, 163 Colo. 48, 428 P.2d 361 (1967) and Denton v. Navratil, 170 Colo. 158, 459 P.2d 761 (1969). These cases furnish a basis for determining whether there has been an abuse of discretion and thus an error in law. Where the jury has ignored the court's charge by refusing to award any damage as compensation for such elements as pain and suffering and permanent disability, and where the evidence establishes the plaintiff's right to compensation arising from these elements, the abuse of discretion is clear. The jury has failed to give effect to the instructions and at the same time has disregarded the evidence.

 In the present case the verdict reflects the exact amount of medical and hospital outlay. Thus, on its face it establishes that the jury failed and refused to award compensation for pain and suffering and permanent disability. Where, as here, the plaintiff suffered a severe injury in which the damages were substantial, the conclusion must be that the jury disregarded its fact-finding function. It is clear from the authorities that the jury has no such dispensing power. Where this is apparent the failure of the trial judge to grant a new trial constitutes a manifest abuse of discretion.

██ Where, as here, the damage and liability issues are distinct, the new trial is properly limited to the question of damages.[5] In the case at bar the liability question and the damage question are not in any way intermingled. The award clearly represents actual medical outlay while ignoring the other elements. Thus, there is no reason apparent for retrying the case on the issue of liability.

██ The remaining question is whether the court should have included Colorado Pattern Jury Instruction 6:8 in its charge. It is true that the testimony offered through the expert witness called on behalf of the plaintiff apportioned the permanent disability resulting from the injury here in issue. This testimony was not seriously controverted. The orthopedic surgeon was cross-examined, but contrary medical testimony was not introduced.

Under this court's ruling in McDonald v. United Airlines, Inc., 365 F.2d 593 (10th Cir. 1966), it is to be concluded that the refusal to give such an instruction is not error. This ruling does not mean that such an instruction may not be appropriate for the purpose of dispelling possible confusion in the minds of the jurors as to how preexisting conditions are to be treated in assessing and awarding damages. Inasmuch as the case is being remanded for new trial, it is our view that the instruction should be given. After all, the defendant-appellee did not concede that the damages were susceptible to apportionment.

The judgment is reversed and the cause remanded for new trial, consistent with the views which are expressed herein.

5. *See* Gasoline Prods. Co., Inc. v. Champlin Refining Co., 283 U.S. 494, 51 S.Ct. 513, 75 L.Ed. 1188 (1931) ; 6A Moore's Federal Practice ¶ 59.08(4) n. 69; Devine v. Patteson, 242 F.2d 828 (6th Cir.), cert. denied, 355 U.S. 821, 78 S.Ct. 27, 2 L.Ed.2d 36 (1957) ; 3 Barron & Holtzoff (Wright ed.) § 1307.