**Richard A. TRAISTER,**
**Plaintiff-Appellant,**

v.

**Thomas M. GERTON,**
**Defendant-Appellee.**

No. 79CA0325.

Colorado Court of Appeals, Div. II.

March 5, 1981.

Anderson, Calder & Lembke, P.C., Grant A. Anderson, Aurora, for plaintiff-appellant.

Erickson & Holmes, P.C., David P. Holmes, Denver, for defendant-appellee.

VAN CISE, Judge.

In this assault and battery case, plaintiff, Richard A. Traister, appeals, as inadequate, a judgment in his favor and against defendant, Thomas M. Gerton, for $105. We affirm in part and reverse in part.

During an altercation occurring in May 1977, plaintiff was punched by defendant causing a broken nose, broken glasses, and a fractured thumb. Defendant was struck in his groin. Plaintiff sued for compensatory and exemplary damages, and defendant counterclaimed for similar relief.

After trial to the court, it dismissed the counterclaim and plaintiff's claim for exemplary damages, and entered judgment for plaintiff in the amount of $105. That sum consisted of $104 as the replacement cost of his broken glasses, and one dollar as the amount paid by him (with the balance paid by his medical insurance) for emergency room treatment.

The plaintiff appeals the amount of the damages awarded, both compensatory and exemplary. The defendant did not cross-appeal.

## I.

As to exemplary damages, the court found:

"that both plaintiff and defendant participated in the aggression involved, in the altercation, and for that reason both sides have been provocative. And the claims for exemplary damages are completely mitigated . . . ."

There is competent evidence in the record to support this finding and conclusion, and, therefore, they are binding on appeal. *Linley v. Hanson*, 173 Colo. 239, 477 P.2d 453 (1970). Provocation, while not a justification or a defense in an action for compensatory damages for an assault, may

be considered in mitigation of exemplary damages. *See Andersen v. Whitley*, 194 Colo. 87, 570 P.2d 525 (1977); *Mangus v. Miller*, 35 Colo.App. 335, 535 P.2d 219 (1975), *cert. dismissed sub nom., Miller v. Mangus*, 189 Colo. 481, 569 P.2d 1390 (1975). There was no error in dismissing this part of the claim.

## II.

Plaintiff contends the court erred in not applying the collateral source doctrine. We agree.

In computing the damages, the trial court allowed only one dollar for emergency room expenses, when the bill, undisputed and admitted into evidence, was for $24, $23 of which was paid by plaintiff's medical insurer. Also, the court did not consider plaintiff's claim for loss of wages, since the evidence showed that his employer paid his full salary for the week he was away from work. The fact that plaintiff received compensation or indemnity from these collateral sources, to which defendant did not contribute, does not diminish the damages otherwise recoverable. *See Kistler v. Halsey*, 173 Colo. 540, 481 P.2d 722 (1971); Annot., 7 A.L.R.3d 516. The entire amount of the hospital bill and, if his inability to work was established, the amount of his wages, should have been included in the award.

## III.

Also, we agree with plaintiff's contention that he sustained injuries for which he is entitled to damages beyond his actual cash payments. The evidence was undisputed that his nose and thumb were both broken as a result of defendant's actions, and that he suffered pain and suffering and temporary partial disability as a result. *See Kistler v. Halsey, supra; Denton v. Navratil*, 170 Colo. 158, 459 P.2d 761 (1969); *Staples v. Langley*, 148 Colo. 498, 366 P.2d 861 (1961).

The judgment is affirmed as to liability and denial of exemplary damages, and is reversed as to compensatory damages. The cause is remanded with directions to grant a new trial on the question of damages only.

PIERCE and KELLY, JJ., concur.