958 F.2d 370
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Donald F. WALKER; Freddie June WALKER, Co-Administrators of
the Estate of Viola Owens and; Barbara HUNLEY,
Ancillary Administratrix, of the Estate
of Viola R. Owens, Deceased,
Plaintiffs-Appellants,
v.
Charlotte Ann WALKER, Defendant-Appellee.
Donald F. WALKER; Freddie June WALKER, Co-Administrators of
the Estate of Viola Owens and; Barbara HUNLEY,
Ancillary Administratrix, of the Estate
of Viola R. Owens, Deceased,
Plaintiffs-Appellees,
v.
CHARLOTTE ANN WALKER, Defendant-Appellant.
 Nos. 90-1819, & 90-1829.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 1, 1991
Decided: March 26, 1992
As Amended April 27, 1992.
 
 Appeals from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CA-89-906-R)
 ARGUED: Melissa Warner Scoggins, GENTRY, LOCKE, RAKES & MOORE, Roanoke, Virginia, for Appellants.
 John Dickens Eure, JOHNSON, AYERS & MATTHEWS, Roanoke, Virginia, for Appellee.
 ON BRIEF: S. D. Roberts Moore, GENTRY, LOCKE, RAKES & MOORE, Roanoke, Virginia; Michael F. Gibson, GIBSON, MCFADDEN & ASH, Princeton, West Virginia, for Appellants.
 James F. Johnson, Jonnie L. Speight, JOHNSON, AYERS & MATTHEWS, Roanoke, Virginia, for Appellee.
 Before WIDENER and NIEMEYER, Circuit Judges, and MERHIGE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 NIEMEYER, Circuit Judge:
 
 
 1
 Late on a clear afternoon in October, 1988, while driving her van in the left lane of Interstate Route 81, near Roanoke, Virginia, Charlotte Walker reached across to help her mother, Viola Owens, refasten her seatbelt because her mother was having difficulty. Her mother was a heavy woman who suffered from some limitation of motion in her right shoulder because of bursitis. As Charlotte Walker momentarily gave attention to her mother, the van she was driving drifted off the left side of the highway, where there was a slight "drop off," and onto the lower shoulder. When she attempted to correct the car's course, she lost control, crossed the highway to the right, and hit the bank. The car rolled and Charlotte Walker's mother suffered injuries from which she later died.
 
 
 2
 Viola Owens, who was 73, left two daughters, Charlotte Walker and Freddie June Walker. Freddie Walker and her husband, Donald F. Walker, sued Charlotte Walker for wrongful death and as Administrators of Viola Owens' estate, alleging damages caused by Charlotte Walker's negligence.
 
 
 3
 The district court directed a verdict in favor of the plaintiffs, finding negligence as a matter of law, and the jury returned a verdict in favor of Donald and Freddie Walker in the amount of $5,049.12, which equals the stipulated amount of funeral expenses. The jury also awarded prejudgment interest.
 
 
 4
 On appeal Donald and Freddie Walker contend that the damage award is inadequate as a matter of law. Charlotte Walker filed a conditional cross-appeal, which she asks us to consider only if we sustain the appeal of Donald and Freddie Walker. In the cross-appeal, Charlotte Walker urges that the district court erred in directing a verdict that she was negligent as a matter of law.
 
 
 5
 At trial, no party objected to the instruction given by the district court on damages and on appeal the parties agree that the instructions given by the district court conformed to those approved by the Virginia Supreme Court in Cassady v. Martin, 266 S.E.2d 104 (Va. 1980), and Marshall v. Goughnour, 269 S.E.2d 801 (Va. 1980). Specifically, in instructing the jury on damages for wrongful death, the district court said,
 
 
 6
 In determining the damages to which Mrs. Freddie Walker will be entitled you may consider, but are not limited to, any of the following which you believe by the greater weight of the evidence, by a preponderance of the evidence, were caused by the negligence of the defendant as damages suffered by the beneficiary, Mrs. Freddie Walker. Any sorrow, mental anguish and loss of solace suffered by Freddie Walker. Solace may include society, companionship, comfort, guidance, kindly offices and advice of the deceased. Any reasonably expected loss of services, protection, care and assistance which the decedent provided to the beneficiary. And in addition to any amount that you would award for those items, the plaintiff would be entitled to recover the reasonable funeral expenses which the parties have stipulated to be $5,049.12. And from all of this you should award such an amount as you may feel is fair and just for the loss suffered by Mrs. Freddie Walker for the loss of her mother.
 
 
 7
 Thus the district court properly committed to the jury the issue of damages, permitting the jury to consider all factors and exercise the discretion given to it.
 
 
 8
 In a wrongful death case the amount of damages "is solely within the discretion of the jury and may not be set aside because inadequate or excessive, unless it is clearly shown that the verdict was a result of passion, prejudice, or corruption." Matthews v. Hicks, 87 S.E.2d 629, 633 (Va. 1955) (applying precursor of current statutory definition of damages for wrongful death). Once the issue is properly committed to the jury under standards properly stating Virginia law, we will disturb the verdict only when authorized to do so under standards of federal law imposed by the Seventh Amendment and Fed. R. Civ. P. 59. See Mattison v. Dallas Carrier Corp., 947 F.2d 95, 99 (4th Cir. 1991). The district court must determine "whether the jury's verdict is within the confines set by state law and ..., by reference to federal standards developed under Rule 59, whether a new trial or remittitur should be ordered." See Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 279 (1989). As we recently summarized those federal standards, the district court may grant a new trial only when the verdict is "against the clear weight of the evidence, or is based upon evidence which is false, or will result in a miscarriage of justice." See Defender Indus., Inc. v. Northwestern Mutual Life Insurance Co., 938 F.2d 502, 507 (4th Cir. 1991) (en banc). We review the district court's decision of whether to grant a new trial under an abuse-of-discretion standard. Browning-Ferris, 492 U.S. at 279.
 
 
 9
 In this case the district court denied the motion of Donald and Freddie Walker for a new trial, concluding that the jury's verdict was supported by the evidence, a fact which it could readily observe. As the district court stated:
 
 
 10
 The court finds that the jury's verdict is fully supported by the evidence and the law. There is no evidence that the verdict was the result of passion, prejudice or corruption. There was no evidence of medical expenses, there was full compensation for the funeral expenses, and matters such as loss of companionship, grief, and so forth are within the province of the jury to determine.
 
 
 11
 We cannot say that the district court's decision was an abuse of discretion.
 
 
 12
 Donald and Freddie Walker urge that the recent Virginia Supreme Court decision in Hall v. Hall, 397 S.E.2d 829 (Va. 1990), requires that we set aside this verdict because it is inadequate as a matter of law. In Hall, the mother of Mark Adams, who was 20 months old, brought a wrongful death action for Mark's death. The jury awarded $3,000.00, of which $2,951.31 were attributable to funeral bills. The trial court set aside the verdict and entered judgment for the defendant, ruling that the evidence did not support the verdict. It observed, however, that if the plaintiff were entitled to a verdict, "$3,000 is without question inadequate." The Supreme Court of Virginia reinstated the verdict, and agreed with the trial court that the damages were inadequate as a matter of law. It stated:
 
 
 13
 Thus, the jury awarded only $48.69 for the non-monetary elements of damages, viz, grief, solace, and loss of companionship, suffered by the family for the loss of their 20-month old child. Such an award is inadequate as a matter of law.
 
 
 14
 Hall, 397 S.E.2d at 832.
 
 
 15
 The facts of Hall are distinguishable from those before us. Although Freddie Walker, too, was a child of Viola Owens, she was married and did not live with her mother, unlike the 20-month old child in Hall who was in the direct custody of his mother. While the good relationship between them would support a finding of damages, we cannot say that as a matter of law the jury was required to believe her testimony or give it more weight than it did. Unlike the circumstances in Hall, where the trial judge ruled that the damages were "without question inadequate" and thus presumably would have awarded a new trial, here the district court denied a motion for a new trial, finding that the "jury's verdict was fully supported by the evidence." Consequently, we will not overrule the district judge or disturb the verdict of the jury.
 
 
 16
 Because Charlotte Walker's cross-appeal was conditional, we do not reach the question of whether the directed verdict on liability was proper. Accordingly, the judgment of the district court is
 
 
 17
 AFFIRMED.
 
 WIDENER, Circuit Judge, dissenting:
 
 18
 I respectfully dissent. Because the jury award is inadequate as a matter of Virginia law, I am of opinion that it was an abuse of discretion for the district court to deny a new trial on the issue of damages. As I would reverse on the plaintiff's appeal of the damages question, I would affirm the district court's decision in the defendant's conditional cross-appeal, which I will address first.
 
 
 19
 * In its conditional cross-appeal, the defendant argues that the district court erred in directing a verdict for the plaintiff on the issue of negligence. I would affirm that holding. The accident occurred on an interstate highway during daylight hours. The weather was clear and the road was dry. No other vehicles interfered with the defendant's driving or contributed to the accident in any way. Neither was there any defect in the automobile involved. The evidence indicates no cause for the accident other than the defendant's failure to keep her eyes on the road and watch where she was going. The defendant offers as an explanation that she was trying to help her mother refasten her seatbelt. Even accepting this explanation as true, which it probably is, the evidence overwhelmingly indicates that the defendant was negligent in the operation of her van. Helping to fasten a seat belt is no justification for running off an interstate highway. The district court, accordingly, correctly directed a verdict for the plaintiff on the issue of negligence.
 
 II
 
 20
 On the issue of damages, it should first be emphasized and made absolutely clear that the controlling case, Hall v. Hall, 240 Va. 360, 397 S.E.2d 829 (1990), did not come down until after the trial of the case at hand. The notice of appeal was filed in this case on August 15, 1990, and Hall was decided November 9, 1990. We must apply the law as it exists at the time of our decision. United States v. Schooner Peggy, 5 U.S. (1 Cranch) 103 (1802).
 
 
 21
 As to damages, I disagree with the majority on two counts. First, I would make it clear that state law controls the damages question in this case. Second, in my opinion there is no way to distinguish this case from Hall v. Hall, 240 Va. 360, 397 S.E.2d 829 (1990). The damages awarded in this case are inadequate as a matter of Virginia law under the rule announced in Hall and its predecessor Bradner v. Mitchell, 234 Va. 483, 362 S.E.2d 718 (1987).
 
 
 22
 When a federal court sitting in diversity considers a motion to set aside a jury award of damages as being excessive or inadequate, it is governed simultaneously by both federal and state law. This was acknowledged recently by the Supreme Court:
 
 
 23
 Review of the District Court's order involves questions of both state and federal law. In a diversity action, or in any other lawsuit where state law provides the basis of decision, the propriety of an award of punitive damages for the conduct in question, and the factors the jury may consider in determining their amount are questions of state law. Federal law, however, will control on those issues involving the proper review of the jury award by a federal district court and court of appeals.
 
 
 24
 In reviewing an award of punitive damages, the role of the District Court is to determine whether the jury's verdict is within the confines set by state law, and to determine, by reference to federal standards developed under Rule 59, whether a new trial or remittitur should be ordered.
 
 
 25
 Browning-Ferris Industries v. Kelco Disposal, 492 U.S. 257, 278-79 (1989) (citations omitted) (emphasis added). Since the correctness of the amount of a jury verdict for punitive damages is governed by state law, certainly the same rule applies to a verdict for solace.
 
 
 26
 It is axiomatic that under Erie Railroad state law governs the measure of damages recoverable on a state cause of action, and any number of cases can be found to support this proposition. See, e.g., Blasky v. Wheatley Trucking, Inc., 482 F.2d 497 (6th Cir. 1973); Weakley v. Fischbach & Moore, Inc., 515 F.2d 1260, 1266-67 (5th Cir. 1975); Johnson v. Serra, 521 F.2d 1289, 1294 (8th Cir. 1975); see generally, 1A Moore & Ringle, Moore's Federal Practice p 0.309 at 3105 and n.27 (1991). Of particular relevance is Blasky, in which the Sixth Circuit found that "[w]hile Ohio law may not be controlling on the issue of abuse of discretion by a federal trial judge in a diversity case, Ohio law does control the standard to be applied in determining damages under its Wrongful Death Statute." Blasky, supra at 498. As the Supreme Court stated in Browning-Ferris, one part of the district court's duty in reviewing a damage award is "to determine whether the jury's verdict is within the confines set by state law." BrowningFerris, supra at 279.
 
 
 27
 Several of our sister circuits have recognized that we must follow state law precedents like Hall v. Hall in determining whether a federal jury's verdict is "within the confines set by state law." In cases in which they reviewed a district court's refusal to set aside a jury verdict as excessive, the Second and Eighth Circuits have adopted the practice of affirming a challenged award if it is consistent with jury awards "condoned by the courts of the state whose substantive law governs the rights to the parties." Gardner v. Federated Dept. Stores, Inc., 907 F.2d 1348, 1353 (2d Cir. 1990); National Food Stores, Inc. v. Utley, 303 F.2d 284, 286-87 (8th Cir. 1962) ("It is important in diversity cases such as this that the damages awarded by a federal court jury shall not exceed those which could be sustained, were the case before the Supreme Court of the State."); Hysell v. Iowa Public Serv. Co., 559 F.2d 468, 472 (8th Cir. 1977)(same); Martell v. Boardwalk Enterprises, Inc., 748 F.2d 740, 750 (2d Cir. 1984).
 
 
 28
 The Tenth Circuit employed a similar approach in determining whether a verdict was inadequate. Brown v. Richard H. Wacholz, Inc., 467 F.2d 18 (10th Cir. 1972), a diversity slip-and-fall case, presented a question nearly identical to the one we face today. In Brown, the jury awarded the exact amount of the plaintiff's medical expenses. Therefore, the verdict awarded nothing for pain and suffering. In determining whether it was an abuse of discretion for the district court to refuse a new trial on the issue of damages, the Tenth Circuit held that it must look to Colorado law, which held that a jury's refusal to award damages for pain and suffering established by the evidence constituted an error of law and a failure to set aside such a verdict was thus an abuse of discretion. Id. at 21. The court remanded the case for a new trial limited to the question of damages.
 
 
 29
 In a diversity case, then, when deciding a claim that a district court abused its discretion in refusing to grant a new trial on the grounds that the jury verdict was inadequate, we must look to state law. If, as in Brown, the jury effectively has refused to award an element of damages that is mandatory under the law of the state that governs the cause of action, it is an abuse of discretion for the district court to deny the motion for a new trial. This rule is consistent with the practice of the Second, Eighth and Tenth Circuits and with the Supreme Court's direction to district courts in Browning-Ferris "to determine whether the jury's verdict is within the confines set by state law." Browning-Ferris, supra at 279. Nothing to the contrary is found.
 
 
 30
 I now turn to the law of the State that governs the cause of action, in this case the law of Virginia. The Virginia Supreme Court has established the following rule on damages:
 
 
 31
 "Where [the] evidence [of special damages] is uncontroverted and so complete that no rational fact-finder could disregard it ... it must be considered as a fixed constituent part of the verdict. Where the remainder of the award consists of an amount which appears to the court insufficient to compensate the plaintiff for [the] non-monetary element of damages ... where such are proven, the verdict should be set aside as inadequate." Hall v. Hall, 240 Va. 360, 364, 397 S.E.2d 829, 832 (1990) quoting Bradner v. Mitchell, 234 Va. 483, 487, 362 S.E.2d 718, 720 (1987).
 
 The emphasis in Virginia is on
 
 32
 "the quality of the evidence of special damages and its relation to the remainder of the award." Hall, 397 S.E.2d at 832.
 
 
 33
 Hall, it will be remembered, was a case in which the mother of a twenty-month-old child sued the child's uncle on account of the accidental death of the child by being run over by the uncle's car. In the face of medical and funeral bills of $2,951.31, the jury verdict was for $3,000.00, or $48.69 for "grief, solace, and a loss of companionship, suffered by the family for the loss of the twenty month old child." 397 S.E.2d at 832. The Supreme Court did not affirm a conclusion of the trial court that the verdict was inadequate as a matter of law. It came to that same conclusion. 397 S.E.2d at 832.
 
 
 34
 The majority attempts to distinguish Hall on two bases, both of which are without merit. First, the majority notes that the decedent in Hall was a twenty-month-old child, rather than a seventy-three-yearold mother, the necessary inference being that filial devotion runs down but not up, a condition so contrary to the human experience that it needs no further comment. Second, it observes that in Hall "the trial judge had ruled that the damages were 'without question inadequate' and thus presumably would have awarded a new trial," slip op. at 6, while in this case the trial judge refused a new trial. Neither of these distinctions has any effect on the rule developed in Hall in a wrongful death case that, to reiterate, when the amount of special damages is uncontroverted, and the jury's verdict appears to the court insufficient to compensate the plaintiff for the proven elements of non-monetary loss, the verdict is inadequate as a matter of law and should be set aside.
 
 
 35
 The only factual difference between Hall and the instant case is that in this case the mother was killed, and in Hall it was the child.
 
 
 36
 In this case, the special damages, in the form of funeral expenses, $5,049.12, not only were uncontroverted, they were stipulated by the parties, and the verdict was in that same amount. In addition, the plaintiff offered uncontroverted proof of her non-monetary losses in the form of grief, solace and loss of companionship. For example, she proved that the decedent was her mother, that she had been living across the street from her mother for the past twenty-five years, and that she and her mother had a good mother-daughter relationship, which included daily walks together, and occasional help or advice from her mother with financial and family or marital problems. This evidence was uncontroverted. The defendant offered no witnesses. The only cross-examination even remotely related to this testimony was to ascertain whether the decedent was 73 or 74 years old at the time of her death.
 
 
 37
 In spite of this evidence, the jury awarded the plaintiff nothing for her grief, solace or loss of companionship. Accordingly, I am of opinion that the award is inadequate as a matter of Virginia law to compensate the plaintiff for the proven elements of non-monetary damage, and thus it was an abuse of discretion for the district court to refuse the plaintiff's request for a new trial on the issue of damages.
 
 
 38
 To repeat for emphasis, Hall was decided after the notice of appeal was filed in this case.
 
 
 39
 I would vacate the judgment of the district court and remand for a new trial on damages only. To hold, as the majority does, that nothing is an adequate award for "grief, solace, and loss of companionship" of a mother multiplies the abuse of discretion, I suggest.