## Lisa A. Hall, Administratrix of the Estate of Mark Adam Hall, Deceased

### v.

## Dennis S. Hall

Record No. 900258

November 9, 1990

Present: All the Justices

*Richard L. McGarry (Jeffrey H. Krasnow*, on brief), for appellant.

*Eric H. Ferguson (Ralph B. Rhodes; Hutcherson & Rhodes*, on brief), for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

The principal issue in this appeal is whether the trial court erred in setting aside a jury verdict in favor of the plaintiff on the ground that, as a matter of law, the evidence was insufficient to support the verdict.

Lisa A. Hall, administratrix of the estate of Mark Adam Hall, brought a wrongful death action against Dennis S. Hall to recover damages for Mark's death, allegedly caused by Dennis' negligent operation of a motor vehicle. A jury returned a verdict in favor of Lisa in the amount of $3,000. The trial court set aside the verdict and entered judgment in favor of Dennis, concluding that the evidence was insufficient to support the verdict. Lisa appeals.

The well-established standard for appellate review requires us to view the evidence and all reasonable inferences drawn therefrom in the light most favorable to Lisa. On the morning of July 3, 1987, Mark, age 20 months, was struck and killed by an automobile operated by Dennis, Mark's 16-year-old uncle. The accident occurred in the yard of a home in Franklin County shared by Mark, his family, and Dennis.

Shortly before the accident, Mark and his three-year-old brother were playing in the yard near an outdoor fireplace. Dennis also had been in the yard for approximately 20 minutes. While there with the children's father and another person, Dennis observed the two children at play.

Dennis then left the yard and went into the house for "a few minutes." When Dennis exited the house, he walked directly to the automobile parked in the yard. The distance between the parked automobile and the fireplace was stated as being somewhere between 30 and 70 feet.

As Dennis walked toward the automobile, he neither looked for the children nor looked back to where he previously had seen them playing. He testified that he simply "got in the car . . . cranked it up . . . [and] sat there for about a minute." He then "looked up in [the] rear-view mirror," and seeing nothing, "put [the car] in reverse and backed up . . . [a]bout 12 feet" in the direction of the fireplace. He stopped the automobile when someone "holler[ed]" and after the vehicle had run over Mark.

Lisa first contends that the trial court erred in setting aside the jury verdict. We agree.

■ Great respect is accorded a jury verdict, and it is not sufficient that a trial judge, had he been on the jury, would have rendered a different verdict. Indeed, every reasonable inference must be drawn in favor of a verdict that has been rendered fairly under proper jury instructions. *Forbes & Co.* v. *Southern Cotton Oil Co.*, 130 Va. 245, 259, 108 S.E. 15, 19 (1921). The time-honored standard that a court must apply in deciding whether to approve a verdict was stated succinctly in *Forbes*:

> If there is conflict of testimony on a material point, or if reasonably fairminded men may differ as to the conclusions of fact to be drawn from the evidence, or if the conclusion is dependent upon the weight to be given the testimony, in all such cases the verdict of the jury is final and conclusive and cannot be disturbed either by the trial court or by this court, or if improperly set aside by the trial court, it will be reinstated by this court.

*Id.*; *accord May* v. *Malcolm*, 202 Va. 78, 84, 116 S.E.2d 114, 119 (1960); *Atlantic Greyhound Corp.* v. *Shelton*, 184 Va. 684, 693, 36 S.E.2d 625, 628-29 (1946).

■ When the operator of a motor vehicle knows, or in the exercise of reasonable care should have known, of the presence of children playing near his vehicle a short time before moving it, "he is charged with the duty of exercising the same degree of care and inspection that a reasonably prudent person would have exercised under similar circumstances and conditions." *Wright* v. *Kelly*, 203 Va. 135, 138, 122 S.E.2d 670, 673 (1961); *accord Conrad* v. *Taylor*, 197 Va. 188, 191, 89 S.E.2d 40, 42 (1955). The degree of care required of the operator of a motor vehicle not to injure a child whom he has seen, or in the exercise of reasonable care should have seen, "is commensurate with the apparent ability of the child, taking into consideration his age, maturity and intelligence to foresee danger and the probability of injury." *Wright*, 203 Va. at 138, 122 S.E.2d at 673. Thus, a child's conduct is not judged by the same rules that are applied to an adult because "it is a matter of common knowledge that the actions of a child are unpredictable and that he acts thoughtlessly and upon childish impulses." *Id.* Indeed, the younger the child, the greater is the duty owed by the operator of a motor vehicle to exercise care and vigilance to avoid injuring the child. *Id.* at 138-39, 122 S.E.2d at 673;

*Conrad,* 197 Va. at 191, 89 S.E.2d at 42; *Baker v. Richardson,* 201 Va. 834, 838, 114 S.E.2d 599, 602 (1960); *Harris v. Wright,* 172 Va. 67, 72, 200 S.E. 597, 599 (1939).

In the present case, Dennis knew of the presence of children playing in the yard near the automobile a short time before he moved it. He knew that the children were very young. He admitted that when he returned to the yard from the house, intending to back the automobile, he failed to ascertain the children's whereabouts. He did not even look to see if the children were still playing where he had last seen them several minutes earlier. Instead, he walked directly to the automobile, entered it, and sat in it for about a minute before backing it. After looking only in the rearview mirror and seeing nothing, he backed the automobile approximately 12 feet in the direction of the fireplace and struck Mark.

■ We are of opinion that when the evidence and all reasonable inferences drawn therefrom are viewed in the light most favorable to Lisa, reasonable minds could differ on the question whether Dennis exercised the degree of care to avoid injury to Mark that a reasonably prudent person would have exercised under similar circumstances and conditions. Thus, whether Dennis was guilty of negligence that proximately caused Mark's death was properly a jury issue. Accordingly, the verdict of the jury was conclusive, and the trial court erred in setting it aside.

■ Lisa next contends that the damages awarded are inadequate as a matter of law. This contention is governed by our recent case of *Bradner v. Mitchell,* 234 Va. 483, 362 S.E.2d 718 (1987). In *Bradner,* a personal injury action, the plaintiff's special damages were uncontroverted. The jury awarded compensatory damages in an amount of $42.65 over the proven special damages. In setting aside the verdict as being inadequate as a matter of law, we focused upon the quality of the evidence of special damages and its relation to the remainder of the award.

> Where [the] evidence [of special damages] is uncontroverted and so complete that no rational fact-finder could disregard it . . . it must be considered as a fixed, constituent part of the verdict. When the remainder of the award consists of an amount which appears to the court insufficient to compensate the plaintiff for [the] non-monetary elements of damages . . . , where such are proven, the verdict should be set aside as inadequate.

*Id.* at 487, 362 S.E.2d at 720 (footnote omitted).

■ In the present case, the jury awarded Lisa $3,000. The medical and funeral bills totalled $2,951.31. They were unchallenged and uncontroverted. Indeed, at trial, Dennis' counsel stated that the "medical bills and [the] funeral bills were accumulated as a result of the accident. We are not here today to controvert those." Thus, the jury awarded only $48.69 for the non-monetary elements of damage, *viz*, grief, solace, and loss of companionship, suffered by the family for the loss of their 20-month old child. Such an award is inadequate as a matter of law.*

Finally, we must determine whether, on remand, the new trial should be on all issues, as Dennis contends, or limited solely to the issue of damages, as Lisa contends. The seminal case in determining this question is *Rawle v. McIlhenny*, 163 Va. 735, 177 S.E. 214 (1934).

■ In *Rawle*, we divided into five classes those cases in which a plaintiff seeks to overturn a verdict on the ground of its inadequacy. One such class comprised cases "in which clearly the decided preponderance of the evidence is in favor of the right of recovery, though there is sufficient evidence to support a verdict finding the defendant *not* liable." *Id.* at 749, 177 S.E. at 220 (emphasis in original). Ordinarily, in such cases new trials are limited to the issue of damages, unless the amount of damages recoverable is not clearly separable from the matters involved in the question of liability. *Id.* at 749, 177 S.E. at 220-21.

■ We conclude that the present case falls within such class of cases. We reach this conclusion, not only for the reasons previously expressed herein, but because an apparently unbiased jury under proper instructions found that the evidence preponderated in Lisa's favor. When a verdict, the product of a fair and error-free trial, so clearly is supported by the evidence, there is no legal justification for a retrial on the issue of liability. Furthermore, the issue of damages is clearly separable from the issue of liability.

Consequently, we will reverse the trial court's judgment, reinstate the verdict in favor of Lisa as it relates to the issue of liabil-

---

* The trial court reached the same conclusion. In its letter opinion, the court stated that "[t]he jury verdict of $3,000 is without question inadequate if the plaintiff was entitled to a verdict."

ity, and remand the case for a new trial limited to the issue of damages.

*Reversed and remanded.*