## CIRCUIT COURT OF FAIRFAX COUNTY

Monya Moore

v.

Carlos Odiaga

August 27, 1992

Case No. (Law) 105759

By Judge Gerald Bruce Lee

In this medical malpractice case, the matter before the Court is Plaintiff Monya Moore's Motion to Set Aside Verdict and to Grant a New Trial. In support of her motion, Moore contends that the jury, upon finding that Defendant Carlos Odiaga, M.D., acted negligently in his treatment of Moore, failed to follow the Court's instructions. Specifically, Moore argues that the jury neglected to consider her evidence of general damages and awarded damages solely for her medical expenses and lost earnings, i.e., her special damages. In response, Odiaga maintains that upon the evidence presented to the jury, the Court is unable to determine that the jury considered special damages alone and disregarded evidence of general damages. Consequently, he asserts, the Court may not set aside the jury's verdict.

Having considered the arguments and memoranda of counsel and for the reasons below, the Court finds that the jury failed to fully compensate Moore for her uncontroverted special and general damages in violation of the Court's instructions. The Court, therefore, sets aside the jury's verdict as inadequate and grants Moore a new trial. For the reasons below, the Court orders that the new trial be on all issues, not limited to the question of damages alone.

### Facts

This medical malpractice case involves the performance by Odiaga of allegedly unnecessary surgery on Moore. The case arose from

a claim by Moore that Odiaga failed to properly examine her and diagnose that she was pregnant prior to commencing abdominal surgery on Moore. Moore claims that Odiaga's negligence caused him to terminate the operation without having accomplished its intended purpose.

Suffering from Chron's disease, Moore was admitted to Fairfax Hospital on April 9, 1987, to undergo surgery by Odiaga to alleviate problems associated with the disease. Due to her condition, she was admitted to the hospital a week prior to her surgery to prepare her for the surgical operation.

On April 16, 1987, prior to the operation, a resident physician performed a preoperative history and a physical exam. Thereafter, on the same day, Odiaga commenced to perform surgery on Moore. Upon commencing surgery and opening up Moore's abdomen, Odiaga discovered that Moore was pregnant and immediately discontinued the surgery. Later, in the recovery room, Moore learned of her pregnancy and that Odiaga had not completed the surgery. Moore was subsequently discharged from the Hospital and later underwent successful surgery performed by a different doctor.

Moore contends that her symptoms, history, and physical condition should have caused Odiaga to investigate, prior to the April 16, 1987, operation, as to whether she was pregnant. Odiaga, however, did not perform such pregnancy testing. The evidence showed that Moore's symptoms included abdominal distension and increased weight. Moreover, Moore had a history of missed menses. The parties introduced conflicting testimony as to whether Moore had denied to Odiaga that she had been sexually active and whether Moore had asked Odiaga if her abdominal condition could indicate that she was pregnant.

Moore's medical expert testified that, in light of the circumstances before Odiaga, Odiaga deviated from the standard of care in failing to diagnose properly Moore's pregnancy prior to commencing the operation. In contrast, Odiaga's expert testified that, given Moore's medical condition and symptoms, Odiaga did not deviate from the standard of care by not testing for pregnancy.

Moore presented evidence of special damages in the amount of $17,487.10. Moore presented as evidence of medical expenses a bill from Fairfax Hospital totalling $15,407.10 for her total stay at the hospital. Plaintiff's Trial Exhibit No. 1. Odiaga did not challenge or

otherwise controvert this evidence. In addition, Moore presented uncontroverted evidence of lost wages in the amount of $2,080.00.

Moore also presented uncontroverted evidence of general damages. She testified that she experienced bodily injury and post-operative abdominal pain, the recuperation from which took six to eight weeks. She also testified as to having endured great mental anguish due to the unsuccessful surgery.

Following the close of evidence, the Court instructed the jury on what it could consider, including non-monetary elements of damage, to determine Moore's damages. After deliberation, the jury returned a verdict in Moore's favor and awarded damages in the amount of $17,480.00, only $7.10 short of the special damages presented in evidence by Moore.

## Discussion

Moore has moved the Court to set aside the jury's verdict as inadequate and to grant a new trial limited to the issue of damages. Moore contends that her evidence of special damages were complete and uncontroverted and, thus, the jury had a duty to award such damages. In addition, stressing that Odiaga did not controvert the evidence of non-monetary damages, such as pain and suffering, she insists that the jury had a duty to consider and fairly compensate her for such damages. In light of the $17,480.00 verdict, Moore concludes that the jury awarded damages only for her medical expenses and lost earnings and failed to fully and fairly compensate her for her non-monetary injuries.

Odiaga, however, insists that the Court cannot determine from the verdict that the jury considered only the evidence of special damages and simply disregarded the non-monetary elements of damage. Odiaga posits that the jury rendered its verdict "based upon controverted and conflicting evidence with issues of credibility permeating practically every facet of the case." Defendant's Opposition Memorandum, at 9. He stresses that Moore's evidence of special damages was controverted and subject to question as to whether attributable to Odiaga's alleged negligence or to some other cause. Consequently, for the Court to conclude that the jury's verdict represented only that amount claimed by Moore as special damages would require speculative scrutiny of the jury process and would preempt the jury's role in this case. Odiaga urges the Court not to tamper with the jury's verdict.

The recent case of *Bradner v. Mitchell*, 234 Va. 483 (1987), defines the standard governing whether to set aside a jury verdict as inadequate. In *Bradner*, the Court sought to reconcile numerous earlier decisions involving motions to set aside jury verdicts. The case involved a personal injury plaintiff whose evidence of special damages was uncontroverted. The jury returned an award of compensatory damages $42.65 over the amount of special damages proven, and the Court subsequently set that verdict aside.

The *Bradner* Court initially noted that despite the need to afford great weight to a jury verdict and the fact that there exists no standard measure of damages for pain and suffering, the finding of a jury remains subject to the control of the court. *Id.* at 486. The Court then expressed that when a jury returns a verdict for the precise amount of special damages claimed, whether to set aside the verdict on the grounds that the jury failed to consider all of the elements of damages depends on whether the plaintiff's evidence of special damages is "uncontroverted and so complete that no rational fact-finder could disregard it." *Id.* at 487. If so, the court must consider those proven special damages as a fixed, constituent part of the jury verdict. *Id.*; *see also Davoudlarian v. Krombein*, 244 Va. 88, (1992); *Hall v. Hall*, 240 Va. 360, 364–65 (1990). In such cases, the Court reasoned, where the remainder of the award appears insufficient to compensate the plaintiff for proven non-monetary elements of damages, the court must set aside the verdict as inadequate. *Id.*

Where, however, the plaintiff's evidence of damages is "controverted, doubtful as to nature and extent, or subject to substantial question whether attributable to the defendant's wrong or to some other cause," *id.*, the court should not set aside the verdict as the court cannot conclude that the plaintiff's special damages constituted any fixed part of the jury's verdict. *Id.* The Court determined, "In such a case, a rational fact-finder might properly find the plaintiff entitled to considerably less than the amount claimed as special damages, rendering it impossible for the court to determine what amount might have been awarded for pain, suffering, and other nonmonetary factors." *Id.* If the amount of special damages to which a plaintiff is entitled is subject to doubt, such reasoning must hold true even where a jury awards the precise amount claimed as special damages. *See Doe v. West*, 222 Va. 440 (1981) (where evidence of special damages was controverted and incomplete, court could not

disturb jury verdict that appeared to equal the precise amount of lost wages).

The Court finds that Moore's evidence of special damages, comprised of her medical bills and lost wages and totalling $17,487.10, was uncontroverted by Odiaga. In particular, the Court finds that the evidence before the jury presented no doubt that Moore's entire medical bill was attributable to Odiaga's negligence. Under *Bradner* and its progeny, therefore, the Court must consider those damages to be a fixed, constituent part of the jury's verdict. Thus, the Court finds that the verdict of $17,480.00 did not fully and fairly compensate Moore for her proven special damages as well as for the proven and uncontroverted non-monetary elements of damage; the verdict is inadequate as a matter of law. Accordingly, the Court will set aside the jury's verdict and grant a new trial.

The Court must now determine whether to order a new trial on all issues or to limit it solely to the issue of damages. *Rawle v. McIlhenny*, 163 Va. 735 (1934), provides the controlling standard by which to answer this question. The *Rawle* Court identified five classes of cases in which a party may seek to set aside a verdict. This Court finds that the present case falls within the fourth category under *Rawle*,[1] comprised of "[c]ases in which clearly the decided preponderance of the evidence is in favor of the right of recovery, though there is sufficient evidence to support a verdict finding the defendant *not* liable." *Id.* at 749; *see also Hall v. Hall*, 240 Va. 360, 365 (1990). While ordinarily, in such cases the court will limit the new trial to the question of damages, the court should grant a new trial on all issues "where the amount of damages recoverable is not distinctly separable from the matters involved in the issue as to liability." *Rawle*, 163 Va. at 749. Upon the evidence before the Court, the Court finds that the issue of damages is not distinctly separable from that of liability. The Court cannot conclude that the evidence on the issue of liability did not influence the jury in its award of obviously inadequate damages and, thus, the Court orders that the new trial encompass all issues. *See Davoudlarian v. Krombein*, 244 Va. 88 (1992).

---

[1] As an unbiased jury under proper instructions by the Court and after a fair trial returned a verdict in favor of the plaintiff, the Court does not believe this case to be a fifth category case under *Rawle* in which there is no clear preponderance in favor of either party. *See Hall v. Hall*, 240 Va. 360, 365 (1990).