# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Calvin R. Miller

v.

Stephen J. Russo

September 17, 1997

Case No. (Law) CL96-2482

BY JUDGE JEROME B. FRIEDMAN

This automobile accident case was tried to a jury on July 16, 1997. At trial, the defendant admitted negligence, leaving only the issue of damages for the jury's determination. This action arises from a May 22, 1996, accident in which plaintiff claims to have injured his knees, wrists, and lower back. The plaintiff claimed $3,599.12 in medical bills and $3,514.00 in lost wages, for a total of $7,113.12 in special damages. The jury awarded the plaintiff damages in the amount of $2,942.16, which figure approximately equals the amount of medical bills and lost wages claimed to have been incurred by plaintiff through May 31, 1996. The plaintiff has moved for a new trial or, in the alternative, additur, seeking the award of additional damages. The court took the plaintiff's motion under advisement, and both parties subsequently filed briefs. For the reasons set forth below, this court denies plaintiff's motion for a new trial or additur and confirms the jury's verdict.

The court is guided by the Supreme Court's analysis in *Bradner v. Mitchell*, 234 Va. 483 (1987), of the cases which address the adequacy of jury verdicts. Where the evidence of special damages is uncontroverted and so complete that no rational fact-finder could disregard it, it must be considered as a fixed, constituent part of the verdict. *Bradner* at 487. On the other hand, where the plaintiff's evidence of special damages is controverted, doubtful as to nature and extent, or subject to substantial question whether attributable to the defendant's wrong or to some other cause, then the claimed special damages should not be considered a fixed part of the verdict. In such a case, a

rational fact-finder might properly find the plaintiff entitled to considerably less than the amount claimed as special damages. *Bradner* at 487-88.

The court is well aware of the principle that "[g]reat respect is accorded a jury verdict, and it is not sufficient that a trial judge, had he been on the jury, would have rendered a different verdict. Indeed, every reasonable inference must be drawn in favor of a verdict that has been rendered fairly under proper jury instructions." *Hall v. Hall*, 240 Va. 360, 363 (1990) (citation omitted). In the case at bar, the court finds that the plaintiff's evidence of special damages was not "uncontroverted and so complete that no rational fact-finder could disregard it," but instead was "controverted, doubtful as to nature and extent, or subject to substantial question whether attributable to the defendant's wrong or to some other cause." Consequently, the jury's failure to award an amount even equal to the plaintiff's claimed special damages is not grounds for setting aside the verdict or adding to it.

It is entirely possible that the jurors hearing this case had substantial questions about the causal relationship between this accident and the plaintiff's course of medical treatment and claimed lost wages. The evidence established that the plaintiff was transported by ambulance immediately after the accident on May 22, 1996, to Sentara Bayside Hospital emergency room, where he was treated and released. He was given the name of a physician to contact for a follow-up visit, if necessary, but did not do so. Two days after the accident, the plaintiff consulted an attorney and was referred by the attorney to Ghent Urgent Care, where he came under the care of Dr. Westmeyer and his associates. Plaintiff was referred by Ghent Urgent Care to Ghent Physical Therapy on the same day. He was treated at Ghent Physical Therapy a total of fourteen times, with the last visit being June 20, 1996.

During his initial visit to Ghent Urgent Care, the plaintiff filled out a medical history. He did not disclose that he had been diagnosed as having a 10% permanent disability to his knees and lower back after serving fourteen years in the Navy or that he had been involved in one prior motor vehicle accident in 1990 and two in 1993 resulting in similar injuries. The plaintiff was again seen by Dr. Westmeyer on May 31, 1996, at which time minimal swelling of both knees and lower back pain were noted. Both knees had full range of motion. On cross-examination, Dr. Westmeyer testified that he had not been aware of plaintiff's prior injuries and could not say for certain whether the symptoms observed on May 31, 1996, were caused by this accident or were from pre-existing injuries.

The plaintiff was employed as a part-time "flexible" letter carrier for the U. S. Postal Service. On May 31, 1996, Dr. Westmeyer cleared the plaintiff for light duty work. The plaintiff's supervisor testified at trial that there was no

light duty work available for the plaintiff. On June 26, 1996, the plaintiff was released to return to full duty work.

The plaintiff's credibility was placed in issue during this trial with the introduction of prior inconsistent statements. On November 7, 1996, the plaintiff answered, under oath, the defendant's interrogatories, in which he stated that before this accident he had never injured his knees or lower back and that he had only been in one prior accident in 1990 in which he sustained injury. The evidence presented at trial was that the plaintiff had been treated as recently as January 1995 (five months before this accident), at Patient First and by an orthopedist for self-described long-standing sports injuries to both knees and his lower back. In his interrogatory responses, the plaintiff also failed to disclose that when he left the Navy in 1991, he was diagnosed as having a 10% permanent disability for degenerative arthritis in both knees and his lower back.

The evidence in this case is further complicated by the fact that, according to the physical therapist's notes, the plaintiff re-injured his left knee while running sprints on June 17, 1996. Although the amount awarded by the jury appears to be equal to the medical bills and lost wages sustained by the plaintiff through May 31, 1996, such a conclusion is necessarily founded on speculation. The evidence of special damages in this case was so controverted, it is impossible to say with any certainty exactly which damages the jury believed to be attributable to this defendant's negligence, which were believed to be completely attributable to pre-existing conditions, and which were believed to be caused by the plaintiff's own failure to exercise reasonable care to lessen his damages. Such speculation is not a sufficient basis for disturbing a jury verdict that has been fairly rendered after proper instruction. The plaintiff's motion for a new trial or additur is overruled.

Mr. Dawson is asked to submit a properly endorsed final order overruling the plaintiff's motion for a new trial or additur and confirming the jury's verdict.