# CIRCUIT COURT OF THE CITY OF RICHMOND

Sonya L. Lawson

v.

Priscilla D. Briggs

March 2, 1998

Case No. (Law) ML-5786

BY JUDGE JAMES B. WILKINSON

## *Facts*

On June 23, 1996, the plaintiff, Sonya Lawson, was a passenger in a car northbound on Meadow Street that was stopped at a red light at the intersection of Monument Avenue in the City of Richmond. The defendant, Priscilla Briggs, who was behind the plaintiff's car, rear-ended the plaintiff when she proceeded forward after the light turned green. Ms. Lawson, who was three months pregnant at the time of the accident, complained of back, neck, and stomach injuries. After the accident, Ms. Lawson called her physician and then proceeded to Chippenham Hospital for an examination. Subsequently, Ms. Lawson was treated by Dr. Sutton for approximately three months following the accident. Ms. Lawson's medical bills totaled $1,972.25.

The plaintiff filed suit against the defendant for $15,000. This case was tried by jury on January 21, 1998. The defendant introduced testimonial evidence contradicting the severity of the impact of the accident. The defendant also contested the causal connection of the plaintiff's injuries and medical treatment as being related to the accident. The jury returned a ver-

dict in favor of the plaintiff, and the defendant was found liable to the plaintiff in the amount of $500.00. Counsel for the plaintiff moved the Court to set aside the verdict of the jury and moved the Court to grant a new trial. The Court took the plaintiff's motion under advisement.

## Issue

Whether the jury verdict that is $1472.25 less than the special damages claimed by the plaintiff should be set aside and a new trial granted based upon the verdict being inadequate as a matter of law and/or contrary to the evidence. Va. Code §§ 8.01-383 and 8.01-383.1.

## Discussion

In any civil case, the Court may set aside a jury verdict and grant a new trial "where the verdict is contrary to the evidence" and "the damages awarded are too small." Va. Code § 8.01-383. Likewise, a new trial may be awarded when the Court "finds as a matter of law that the damages awarded by the jury are inadequate." Va. Code § 8.01-383.1. Given the Supreme Court of Virginia decision in *Supinger v. Stakes*, 255 Va. 198 (1998), additur is not considered by the Court. A jury verdict is to be accorded great respect and "every reasonable inference must be drawn in favor of a verdict that has been rendered fairly under proper jury instructions." *Hall v. Hall*, 240 Va. 360, 363, 397 S.E.2d 829 (1990). A trial judge exercises discretion in supervising a jury verdict in order to guard against injustices. The Court has the sound discretion to determine "whether the ends of justice will be better served by setting aside, or refusing to set aside, an inadequate verdict." *Rawle v. McIlhenny*, 163 Va. 735, 751, 177 S.E. 214 (1934).

The well established test as to whether a verdict should be set aside is:

[I]f it appears that the verdict is so [inadequate] as to shock the conscience of the court and to create the impression that the jury has been influenced by passion, corruption or prejudice, or has misconceived or misunderstood the facts or the law, or if the award is so out of proportion to the injuries suffered to suggest that it is not the product of a fair and impartial decision, then it becomes the plain duty of the judge, acting within his legal authority, to correct the injustice.

*Smithey v. Refining Co.*, 203 Va. 142, 146, 122 S.E.2d 872 (1961).

A verdict is deemed inadequate as a matter of law if the jury's award is less than the amount of *uncontroverted* special damages suffered by the plaintiff. *Bradner v. Mitchell*, 234 Va. 483, 490, 362 S.E.2d 718, 722 (1987). Likewise, where the evidence is "uncontroverted and so complete that no rational fact-finder could disregard it," the special damages "must be considered as a fixed constituent part of the verdict." *Id.* at 487.

However, such is not the case where the defendant challenges the causal relationship between the medical bills and the accident as in the case at bar. Where the evidence of damages is controverted, questionable as to the nature and extent, or doubtful as to the cause, then the trial court cannot "say the plaintiff's special damages contributed any fixed part of the jury's verdict." *Id.* It is impossible for the Court to determine what the amount was awarded for where "a rational fact-finder might properly find the plaintiff entitled to considerably less than the amount claimed as special damages." *Id.* Where there is conflicting testimony regarding "a material point, or if reasonably fairminded men may differ as to the conclusions of fact to be drawn from the evidence, or if the conclusion is dependent upon the weight to be given the testimony, in all such cases the verdict of the jury is final and conclusive." *Hall*, 240 Va. at 363 (cites omitted).

A verdict will be upheld where the record lacks substantial evidence of the plaintiff's injuries. *See May v. Leach*, 220 Va. 472, 260 S.E.2d 456 (1979). In the case at bar, the verdict was $1472.25 less than the special damages claimed. There are several possible reasons why the jury awarded an amount less than the claimed special damages. First, the jury might have believed that the plaintiff's injuries were feigned or that she was not as severely injured as she claimed. Testimonial evidence was introduced by the defendant as to the severity of the accident's impact and contradictory evidence was introduced as to whether the defendant complained of any injury at the time of the accident. Second, the defendant objected to the causal connection between the accident and medical treatment received by the plaintiff. The jury may have believed a portion of the medical treatment received by the plaintiff was not causally related to the accident or was unnecessary. *See Brown v. Huddleston*, 213 Va. 146, 147, 191 S.E.2d 234 (1972). Thus, substantial factual issues existed as to the causal relationship between the injuries and the accident, the extent of the plaintiff's injuries, and the necessity of the medical treatment which are proper questions for the jury.

The verdict of $500.00 suggests that the jury awarded the plaintiff damages for a portion of her medical treatment, the plaintiff's medical

treatment received the day of the accident totaled only $241.25, and deemed some of the plaintiff's medical treatment unnecessary or not causally related to the accident. The evidence suggests to the Court that "a rational fact-finder might properly find the plaintiff entitled to considerably less than the amount claimed as special damages, rendering it impossible for the court to determine what amount might have been awarded for pain, suffering, and other non-monetary factors." *Bradner*, 234 Va. at 487. Such a verdict cannot be disturbed on a claim of inadequacy. *Id.*

The verdict does not shock the Court's conscious based on the above stated reasons and the contradicting evidence produced at trial. There is no indication that the jury has misconceived or misunderstood the facts or the law. The verdict does not suggest that the jury was influenced by passion, corruption, or prejudice. The verdict of the jury is the result of the fact finder's weighing the evidence and the credibility of the witnesses and rendering a fair and just verdict.

## Conclusion

The Court is of the considered opinion that the evidence at trial was doubtful as to the causal connection of the special damages and the accident and the necessity of the medical treatment. The evidence supports the verdict of the jury being less than the controverted special damages. Thus, the verdict of the jury cannot be disturbed being that a "rational factfinder might properly find the plaintiff entitled to considerably less than the amount claimed as special damages." *Bradner*, 234 Va. at 487. The Court upholds the verdict of the jury as being properly rendered after fully considering the evidence. The Court further holds that the plaintiff's motion for a new trial is overruled and judgment should be entered on the verdict.