# CIRCUIT COURT OF THE CITY OF RICHMOND

Alfoniza Pope, Jr.

v.

Charles C. Breeden, Jr.

### Case No. (Law) ML-5593

Alfoniza Pope, Sr.

v.

Charles C. Breeden, Jr.

### Case No. (Law) ML-5594

### March 18, 1998

BY JUDGE JAMES B. WILKINSON

*Facts*

On September 16, 1996, the plaintiffs, Alfoniza Pope, Jr., driver, and Alfoniza Pope, Sr., passenger, were headed northbound on Courthouse Road in a 1985 Chevrolet truck. The plaintiffs were involved in a rear-end collision caused by the defendant while they were stopped for a car making a left hand turn approximately one quarter mile north of the intersection of Belmont Road in the County of Chesterfield, Virginia. Both plaintiffs were taken by ambulance to a hospital. The injuries sustained by Mr. Pope, Jr., include his neck, shoulder, lower back, and a contusion to his groin.

Mr. Pope, Jr., was treated for his injuries from September 16, 1996, until January 3, 1997. The special damages for Mr. Pope, Jr., totaled $6,277.80.

The medical bills for Mr. Pope, Jr., totaled $5,857.80, and lost wages totaled $420.00. Mr. Pope, Sr., was treated for injuries to his lower back, left hip, and left thigh from September 16, 1996, until October 30, 1996. The special damages for Mr. Pope, Sr., totaled $2,035.33. The medical bills for Mr. Pope, Sr., totaled $1,867.33, and lost wages totaled $168.00. The plaintiffs' medical bills and lost wages were uncontroverted by the defendant.

The plaintiffs filed suit against the defendant for a claim of $75,000.00 each. The companion cases were tried by jury on January 13, 1998. The Court sustained the plaintiffs' motion to strike the defendant's evidence and found for the plaintiffs against the defendant on the issue of liability. The jury returned a verdict finding the defendant liable to Mr. Alfoniza Pope, Jr., in the amount of $5,232.60 which was $1,045.20 less than the uncontroverted special damages. The jury also returned a verdict finding the defendant liable to Mr. Pope, Sr., in the amount of $2,185.33 which was $150.00 greater than the uncontroverted special damages. Counsel for the plaintiffs moved the Court to set aside the jury verdicts as being insufficient as a matter of law and grant a new trial on damages only.

## Issues

Whether the jury verdict awarding Mr. Pope, Jr., $5,232.60 which is $1,045.20 less than the uncontroverted special damages should be set aside as being inadequate as a matter of law and whether a new trial should be granted on the issue of damages only. Va. Code §8.01-383.1(B).

Whether the jury verdict awarding Mr. Pope, Sr., $2,185.33 which is $150.00 greater than the uncontroverted special damages should be set aside as being insufficient as a matter of law and whether a new trial should be granted on the issue of damages only. Va. Code §8.01-383.1(B).

## Discussion

In any civil case, a court may set aside a jury verdict and grant a new trial when it "finds as a matter of law that the damages awarded by the jury are inadequate." Va. Code § 8.01-383.1. Given the Supreme Court of Virginia decision in *Supinger v. Stakes*, additur is not considered by the Court. 255 Va. 198 (1998). A jury verdict is to be accorded great respect and "every reasonable inference must be drawn in favor of a verdict that has been rendered fairly under proper jury instructions." *Hall v. Hall*, 240 Va. 360, 363, 397 S.E.2d 829 (1990). A trial judge exercises discretion in supervising

a jury verdict in order to guard against injustices. The Court has the sound discretion to determine "whether the ends of justice will be better served by setting aside, or refusing to set aside, an inadequate verdict." *Rawle v. McIlhenny*, 163 Va. 735, 751, 177 S.E. 214 (1934).

In this case, the evidence was insufficient to sustain a verdict finding the defendant not liable. "In such cases it is generally held that the court will set aside the verdict on the ground of inadequacy and grant a new trial, whether the verdict be for merely a nominal amount or for a substantial but inadequate sum." *Rawle v. McIlhenny*, 163 Va. 735, 748, 177 S.E.2d 214 (1934). "[T]he new trial should be limited to the question of the amount of damages."*Id.*

A verdict is deemed inadequate as a matter of law if the jury's award is less than the amount of uncontroverted special damages suffered by the plaintiff. *Bradner v. Mitchell*, 234 Va. 483, 490, 362 S.E.2d 718, 722 (1987). Likewise, where the evidence is "uncontroverted and so complete that no rational fact-finder could disregard it," the special damages "must be considered as a fixed constituent part of the verdict."*Id.* at 487.

The verdict of the jury in the case of Mr. Pope, Jr., was $1,045.20 less than the uncontroverted special damages. This is insufficient to compensate Mr. Pope, Jr., for the uncontroverted medical bills and for other damages such as his pain and suffering and inconvenience. The Court holds that the verdict of the jury awarding Mr. Pope, Jr., $5,232.60 which is $1,045.20 less than the uncontroverted special damages is inadequate as a matter of law.

The Supreme Court of Virginia has determined that "[t]here is no legal method or yardstick by which the precise value of human pain and suffering may be determined." *Williams Paving Co. v. Kreidl*, 200 Va. 196, 204, 104 S.E.2d 758 (1958) (cites omitted). A court cannot set aside a verdict merely because it is smaller than the judge thinks it should have been. *See* Michie's Jurisprudence, *Excessive or Inadequate Damages*, § 39. Thus, a verdict supported by the evidence and reached by a fair and impartial trial must stand. *Edmiston v. Kupsenel*, 205 Va. 198, 202, 135 S.E.2d 777 (1964).

The verdict of the jury in the case of Mr. Pope, Sr., was $150.00 greater than the uncontroverted special damages. The Court is of the considered opinion that the jury fully considered the evidence and accordingly assessed the damages regarding the pain and suffering and inconvenience experienced by Mr. Pope, Sr. The Court holds that the verdict of the jury in the case of Mr. Pope, Sr., will not be set aside as inadequate as it is supported by the evidence and was reached by a fair impartial trial.

## *Conclusion*

The Court holds that the verdict of the jury in the case of Mr. Pope, Jr., is inadequate as a matter of law. The Court orders the verdict of the jury in the case of Mr. Pope, Jr., to be set aside and grants a new trial only on the issue of damages. The Court holds that the verdict of the jury in the case of Mr. Pope, Sr., is supported by the evidence and was reached by a fair and impartial trial. The Court overrules the plaintiff's motion to set aside the verdict of the jury in the case of Mr. Pope, Sr., and orders judgment to be entered in accordance with the verdict of the jury in the amount of $2,185.33.