# CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Charles Ginder, Jr.

v.

Timothy James Sulo

April 12, 1999

Case No. CL97-175

BY JUDGE JOHN W. SCOTT, JR.

This matter comes before the Court on the Plaintiff's Motion to Set Aside the Jury Verdict in the above referenced case. On February 25, 1999, this matter came before the Court for a jury trial. After the presentation of evidence by both parties, and argument by counsel, the jury returned with the following verdict:

We, the jury, on the issue joined, find in favor of the Defendant.

Immediately after the jury was excused, counsel for the Plaintiff moved the Court to set aside the jury verdict as being contrary to the law and the evidence. Counsel for the Defendant objected to this motion. Both parties were given an opportunity to file written memoranda in support of their respective positions.

It should be noted that, during the course of the trial, the Defendant acknowledged that he was liable to the Plaintiff in that he caused the accident. The jury, therefore, received an instruction before closing argument that:

The Defendant has admitted that he is liable for any injury that the Plaintiff received from the accident. Therefore, the only issue that you have to decide is the amount of damages, if any, the Plaintiff is

entitled to recover. An admission of liability, should not influence you in any way in considering the issue of damages.

This instruction was given to the jury without objection by the Plaintiff.

### Statement of Facts

The Plaintiff was a passenger in a three-quarter ton pickup truck that had appropriately stopped in its lane of travel in response to traffic congestion ahead. The Defendant was operating a motor vehicle in the same lane of travel and struck the Plaintiff's vehicle in the rear. The Defendant's uncontroverted testimony was that he was traveling no more than five to ten miles per hour at the time of the collision. The parties hotly contested the question as to whether or not the Plaintiff complained of any injuries at the scene of the accident.

The Plaintiff did not seek medical attention until the day following the accident. The Plaintiff claimed that he felt pain in his right shoulder and forearm. At no time during the course of Plaintiff's treatment did any of his health care providers report any objective findings as to injury. The majority of Plaintiff's medical expenses consisted of physical therapy treatment. One of the Plaintiff's own medical reports stated that "no acute injury or cause for acute pain is identified."

The Plaintiff also acknowledged during his trial testimony that he had previously experienced problems and injury to his upper right forearm. The Plaintiff had not admitted this fact in a pre-trial disposition. Furthermore, Plaintiff asserted on direct examination at trial that he had lost wages as a consequence of the accident. On cross-examination however, this wage loss claim was shown to have no merit.

### Is This Verdict for the Defendant
### Contrary to the Law and the Evidence?

The Plaintiff contends that the Court did not instruct the jury that it did not have the discretion to return with a verdict in favor of the Defendant. If the Plaintiff's position were correct then the jury's verdict would be erroneous as a matter of law. However, the Plaintiff ignores the fact that even when the Defendant admits liability, the Plaintiff still has the burden of proving that he sustained damages and that the damages sustained were proximately caused by the Defendant's admitted negligence. If the jury believed that the Defendant did not suffer any injuries or if the jury believed that the injuries that were the subject of the Plaintiff's claim were not

sustained in this accident, then a verdict in favor of the Defendant is clearly proper.

If the Plaintiff objected to the Court's instruction concerning "admitted liability and damages" or the "jury verdict form" objections should have been made at trial. Furthermore, if the Plaintiff wanted to propose an instruction for the jury that sharply focused on the meaning of "admitted liability," such an instruction should have been presented to this Court prior to closing argument. The Court believes that the instructions that were given to the jury and the verdict form correctly state the principles of law that were applicable to this particular case.

The Supreme Court of Virginia has stated in the case of *Hall v. Hall*, 240 Va. 360, 363 (1990) "Great respect is accorded a jury verdict, and it is not sufficient that a trial judge, had he been on the jury, would have rendered a different verdict." The Supreme Court has also stated "if reasonably fair-minded [persons] may differ as to the conclusions of fact to be drawn from the evidence or if the conclusion is dependent upon the weight to be given the testimony," then such evidence is controverted, and the jury's verdict cannot be disturbed either by the Court [or an Appellate Court]. A jury verdict should not be set aside as inadequate, "where Plaintiff's evidence of special damages is controverted, doubtful as to nature or extent, or subject to substantial question," whether attributable to the Defendant's wrong or to some other cause. *Bradner v. Mitchell*, 234 Va. 483 (1987). The evidence in this case certainly meets the standard of *Bradner*.

Contrary to the Plaintiff's assertion, the evidence as to injury and damage was certainly controverted. There was clearly a possibility that the Plaintiff's alleged injuries were related to other circumstances totally unrelated to this accident. Finally, the Plaintiff's own credibility was brought into question during his testimony at trial. All of this, coupled with the questions as to the severity of the impact and the failure of Plaintiff's health care providers to find any objective symptoms of injury, clearly raise issues as to proximate cause and damages. Contrary to the Plaintiff's assertions, there is more than enough credible evidence to support a conclusion by reasonable persons that the Plaintiff's alleged injuries and special damages were not caused by the Defendant's admitted negligence.

It is therefore adjudged, ordered, and decreed that the Plaintiff's Motion to Set Aside the Jury's Verdict as Being Contrary to the Law and the Evidence is denied.