## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

William Frejer

v.

Charles Fitzgerald

November 10, 1999

Case No. CL98-399

BY JUDGE WILLIAM H. LEDBETTER, JR.

The issue in this case is whether a jury award of $0 damages should be set aside as inadequate as a matter of law.

### Facts

Mr. Frejer instituted this action in general district court claiming that he was injured when Mr. Fitzgerald's vehicle negligently rear-ended his vehicle on State Route # 3 on December 20, 1997. The case was removed to this court and tried with a jury on October 8, 1999.

At trial, Mr. Fitzgerald admitted liability. Thus, the case was tried on the issue of damages only.

Mr. Frejer presented medical bills, including bills for physical therapy, totaling $1,663.00. He also claimed lost wages of $1,440.00. He attributed his injuries, neck and back sprains/strains, to the accident.

Mr. Fitzgerald presented no independent evidence attacking Mr. Frejer's medical treatments. However, he contested the causal relationship between the accident and Mr. Frejer's complaints and observed for the jury in closing argument that no medical expert had testified about any such connection.

The court instructed the jury, without objection, that the only issue "is the amount of damages, *if any*, the plaintiff is entitled to recover." (Emphasis

added.) (Instr. # 4.) The court gave the jury other instructions appropriate to the case.

Over Mr. Fitzgerald's objection, the court supplied the jury with a verdict form that did not contain the option of a verdict for the defendant. Because Mr. Fitzgerald had admitted liability, the verdict form (tendered by Mr. Frejer) provided:

### Verdict for the Plaintiff

We, the jury, on the issues joined find in favor of the plaintiff and assess his damages at $_____.

_____
Foreman

After deliberating, the jury returned a verdict of $0. When polled, each juror affirmed the verdict.

### Decision

In their post-verdict memoranda, both parties refer to this as an "inadequate damages" case and cite appellate court decisions dealing with that issue. This is not an "inadequate damages" case. The jury awarded *no* damages to the plaintiff. It determined, obviously, that Mr. Frejer's evidence did not satisfactorily establish a causal connection between the auto accident and his medical complaints.

The jury had a reasonable basis for its decision. It was properly instructed that the burden was on the plaintiff to prove that he was injured and that his injuries were proximately caused by the accident. While admitting liability for the collision, the defendant disputed the causal connection between the collision and Mr. Frejer's medical complaints throughout the trial.

At the scene, Mr. Frejer reported no injury. He continued to work as a gutter installer. He did not seek medical treatment for many days after the accident. He did not offer a medical expert to establish causation. While lay testimony is admissible to prove the causal connection between accident and injury, *Todt v. Shaw*, 223 Va. 123 (1982), it is entitled only to such weight as the jury may choose to give it.

If the plaintiff's post-verdict motion is analyzed as an "inadequate damages" case, the result is the same. In a case such as this one, only when a plaintiff's evidence of damages is uncontroverted or so complete and credible

that no rational factfinder could disregard it can the trial court disturb the verdict on a claim of inadequacy. On a related subject, see *Hudley v. Osborne*, 256 Va. 173 (1998). Here, as noted above, the causal connection was controverted.

Great respect is accorded a jury verdict, and it is not sufficient that a trial judge, had he been on the jury, would have rendered a different verdict. *Hall v. Hall*, 240 Va. 360 (1990).

For the same reason, Mr. Frejer's alternative motion for additur must be denied.