OPINION
PER CURIAM.
Scott Michael Stebbins (“Stebbins”) brings this appeal pursuant to 28 U.S.C. § 1291 (1986). Specifically, appellant alleges that the district court committed reversible error when it instructed the jury regarding the non-taxability of any award of damages under Virginia law. Appellant argues that this instruction may have caused the jury to return a lower verdict. Appellant also alleges that the award of damages was inadequate as a matter of law and that the district court erred when it failed to grant a new trial on those grounds. Perry Lee Clark (“Clark”) and C.R. England, Inc. (“England”), appellees, respond that Virginia law does not provide that giving a jury instruction involving tax-ability constitutes reversible error and that appellant has not shown that the district court abused its discretion when it denied his motion for a new trial. For the reasons stated below, we affirm.
I.
Scott Stebbins’s wife, Lara B. Stebbins, and daughter, Morgan N. Stebbins, were killed when the car in which they were traveling was struck by a tractor trailer delivery truck driven by Clark. Subsequently, Stebbins brought an action in the Circuit Court of the City of Suffolk, Virginia against Clark and England, Clark’s employer. The case was removed to the district court on the basis of diversity jurisdiction. Because Clark and England admitted liability, the district court held a jury trial on the issue of damages alone.
At trial, Stebbins presented extensive evidence of his good relationship with his deceased wife and daughter. Witnesses testified that the family was very close and that they spent a lot of time together including frequent camping trips. Stebbins personally testified to his devastation at the loss of his wife and daughter and to his involvement in counseling. On cross-examination, Clark and England elicited some testimony from Stebbins indicating that he has continued some recreational activities and that he may be involved in a new relationship. Clark and England also questioned Stebbins on his intent to start a new family and Stebbins acknowledged that he could not imagine not having a family at some point if he met the right person.
Stebbins also offered extensive testimony about the economic loss that resulted from the death of his wife. Stebbins’s wife was 30 years old at the time of her death and had a normal life expectancy of 80 years. She had worked at Crestar Mortgage, earning $27,700 dollars per year, and Stebbins offered testimony from her supervisor related to her work ethic and the likelihood of advancement in her position. Dr. Norman Edwards, Professor of Economics at the University of Richmond, testified for Stebbins as an expert witness. Dr. Edwards testified that the death of Stebbins’s wife resulted in an economic *199 loss of $780,055. Dr. Edwards based that figure upon the decedent’s projected future wages less her projected consumption plus her projected contribution of services to the family. Clark and England challenged some of the figures used for the calculation, including the decedent’s age of retirement and the projected increase in her salary. Using lowered variables based upon Clark and England’s challenges, their expert calculated the economic loss to be $595,319.
After the close of evidence and out of the presence of the jury, the district court discussed jury instructions with the parties. Clark and England tendered an instruction that would inform the jury that “the plaintiff will not be required to pay either state or federal income taxes on any judgment which may be awarded as a result of this suit.” Stebbins’s counsel objected to that instruction at that time. The district court, initially indicating its inclination not to grant the instruction, permitted the instruction after reviewing the case law and concluding that “giving the instruction can do no harm.” Stebbins’s counsel then noted his objection to the proposed instructions. During closing arguments, Clark and England’s counsel referred to that jury instruction and stated: “[W]e are going to ask that you award the higher figure of $790,055 to make up for the economic loss suffered by Mr. Stebbins. I’ll ask you to award the funeral expenses of $9,024. And if you add those two together, the total economic damages add up to $789,079.”[1]
After deliberation, the jury awarded Stebbins $58,000 for the wrongful death of his wife and $200,000 for the wrongful death of his daughter.[2] Stebbins timely filed a motion for new trial and alleged that the award of the jury was inadequate as a matter of law. The district court denied the motion because it found that the jury award was not so low as to shock the conscience and that there was no evidence that the jury was improperly influenced by either passion or prejudice. Stebbins then appealed to this court.
II.
We review a district court’s decision of whether to give a jury instruction and its content for an abuse of discretion. See United States v. Ellis, 121 F.3d 908, 923 (4th Cir.1997), cert. denied, 522 U.S. 1068, 118 S.Ct. 738, 139 L.Ed.2d 674 (1998) (citing United States v. Abbas, 74 F.3d 506, 513 (4th Cir.1996)). However, “even where use or denial of a jury instruction is in error, reversal is warranted only when the error is prejudicial based on a review of the record as a whole.” Id. (citing Ross v. St. Augustine’s College, 103 F.3d 338, 344 (4th Cir.1996)); Hartsell v. Duplex Prods., Inc., 123 F.3d 766, 775 (4th Cir.1997).
Substantive damages issues are governed by state law when a case is tried in federal court pursuant to the court’s diversity jurisdiction. See Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 437, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996); Konkel v. Bob Evans Farms Inc., 165 F.3d 275, 280 (4th Cir.1999). Therefore, state law governs whether it is appropriate for a federal court to instruct a jury regarding the taxability or non-taxability of a damages award. See Adams v. Fuqua Indus., Inc., 820 F.2d 271, 277 (8th Cir. 1987) (“[Wjhether to give or withhold a taxability instruction is a question of state *200 law, which we are bound to follow.... The majority of circuits have reached the same conclusion”); Schleier v. Kaiser Found. Health Plan, 876 F.2d 174, 180 (D.C.Cir.1989) (providing that instructing a jury on the -question of income taxation of damages is substantive, not procedural and thereby governed by state or, in this case, D.C. law). Accordingly, the substantive law of Virginia determines whether it is proper to give a jury a non-taxability instruction in this case.
Virginia case law has held that it is not reversible error for a district court to refuse to grant an instruction advising the jury that a damages award is not subject to income tax. See Norfolk S. Ry. v. Raybum, 213 Va. 812, 195 S.E.2d 860, 864 (Va.1973) (acknowledging the “difference of opinion between jurisdictions on the propriety of taking income taxes into consideration in fixing damages,” but finding no error when the district court refused to grant an instruction advising the jury that any award was not subject to income taxes and that the jury “should not, therefore, add or subtract taxes in fixing the amount of any award”); Hoge v. Anderson, 200 Va. 364, 106 S.E.2d 121, 123 (Va.1958) (indicating that gross pay and not net pay controls when determining the amount of damages for impairment of earning capacity). Virginia law does not, however, specifically provide that instructing the jury about either the taxability or non-taxability of an award of damages is reversible error. In the absence of any controlling Virginia law on the issue, a district court may examine relevant case law and rely on other authority in determining whether to grant or to deny an instruction on the taxability of damages.
Stebbins argues that Virginia substantive law, as demonstrated by Rayburn and Hoge, indicates that it is improper to instruct the jury that an award of damages will not be taxed and that the district court should not have considered federal case law. This Court cannot find that, because Virginia courts have held that it is not clear error to refuse to give an instruction concerning taxability, that, therefore, it follows that it is clear error to give such an instruction. Stebbins also points to McMurray v. Atlantic Coastline R.R., 17 Va.Cir. 453 (City of Richmond Law and Eq. Ct.1962), which demonstrates a district court’s rationale for not permitting instruction on taxability. That decision is not, however, binding. Because there is no Virginia law on point, the district court, properly and within its discretion, referenced other law. The district court relied upon three cases in its decision to grant the instruction, Norfolk & W. Ry. v. Liepelt, 444 U.S. 490, 100 S.Ct. 755, 62 L.Ed.2d 689 (1980), Allred v. Maersk Line, Ltd., 35 F.3d 139 (4th Cir.1994), and Domeracki v. Humble Oil & Refining Co., 443 F.2d 1245 (3d Cir.), cert. denied, 404 U.S. 883, 92 S.Ct. 212, 30 L.Ed.2d 165 (1971). In those cases, each court held that the refusal to give an instruction on taxability was reversible error. In Allred, this Court explained:
Although the law [exempting personal injury awards from income tax] is perfectly clear, it is entirely possible that the members of the jury may assume that a plaintiffs recovery in a case of this kind will be subject to federal taxation, and that the award should be increased substantially in order to be sure that the injured party is fully compensated.
Allred, 35 F.3d at 141 (citing Liepelt, 444 U.S. at 496, 100 S.Ct. 755). Although it would not be reversible error to refuse such an instruction in Virginia, the district could consider the reasoning of such cases in its decision to permit such an instruction. Moreover, the record indicates that *201 the district court carefully considered giving the instruction and determined that it could “do no harm.” This Court cannot find that the district court abused its discretion or that the district court committed any error in giving this jury instruction. Even if there is error in the jury instruction, this Court cannot find that such error was prejudicial based upon a review of the record because the district court merely gave a simple and accurate statement of the law.
III.
We review a district court’s decision of whether to grant or deny a request for a new trial for an abuse of discretion. Gasperini 518 U.S. at 438, 116 S.Ct. 2211; Konkel, 165 F.3d at 280. This Court has previously held:
On review of a motion for new trial, we are permitted to weigh the evidence and consider the credibility of witnesses. See Poynter v. Ratcliff, 874 F.2d 219, 223 (4th Cir.1989). A new trial will be granted if “(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.” Atlas Food Sys. & Servs., Inc. v. Crane Nat’l Vendors, Inc., 99 F.3d 587, 594 (4th Cir.1996).
Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 301 (4th Cir.1998). In deciding whether a jury’s award is either excessive or inadequate, a federal court in a diversity case must apply substantive state law. See Gasperini 518 U.S. at 537-38, 116 S.Ct. 2264; Konkel, 165 F.3d at 280.
The Virginia Code states:
In any civil case or proceeding, the court before which a trial by jury is had, may grant a new trial, unless it be otherwise specifically provided. A new trial may be granted as well where the damages awarded are too small as where they are excessive. Not more than two new trials shall be granted to the same party in the same cause on the ground that the verdict is contrary to the evidence, either by the trial court or the appellate court, or both.
Va.Code Ann. § 8.01-383 (Michie 1992). Pursuant to Virginia law, a verdict or award of damages is considered inadequate or excessive if it was not the product of fair and impartial decision. Supinger v. Stakes, 255 Va. 198, 495 S.E.2d 813, 815 (Va.1998). The Supreme Court of Virginia has offered guidelines in determining whether a verdict is excessive or inadequate:
[T]he rule has been, and still is, that a court will not disturb the verdict in such a case either because of its smallness or because of its largeness, unless, in the light of all the evidence, it is manifestly so inadequate or so excessive as to show very plainly that the verdict has resulted from one or both of two causes:
(A) The misconduct of the jury, as for instance that the jury has permitted itself to be actuated by partiality, sympathy, bias, prejudice, passion, or corruption, or has acted perversely, capriciously, or arbitrarily.
(B) The jury’s misconception of the merits of the case, in so far as they relate to the amount of damages, if any, recoverable, as for instance, that it has taken into consideration improper items or elements of damage or has failed to take into consideration proper items or elements of damage, or that it has in some way misconstrued or misinterpreted the facts or the law which should have guided it to a just conclusion as to the amount of the damages, if any, recoverable.
*202 Rawle v. McInhenny, 163 Va. 735, 177 S.E. 214, 218 (Va.1934) (footnotes omitted). The Supreme Court of Virginia has also stated:
[A] jury’s award of damages may not be set aside by a trial court as inadequate or excessive unless the damages are so excessive or so small as to shock the conscience and to create the impression that the jury has been influenced by passion or prejudice or has in some way misconceived or misinterpreted the facts or the law which should guide them to a just conclusion.
Downer v. CSX Trans., Inc., 256 Va. 590, 507 S.E.2d 612, 615 (Va.1998).
A district court must balance these rules with the principle that the amount of damages is solely within the discretion of the jury. Matthews v. Hicks, 197 Va. 112, 87 S.E.2d 629, 633 (Va.1955). Moreover, a district court must treat a jury’s verdict with great deference and respect. See Hall v. Hall, 240 Va. 360, 397 S.E.2d 829, 831 (Va.1990). Finally, a district court must not set aside a verdict as either inadequate or excessive merely because the district court would have acted differently if it had been the trier of fact or because the jury could have come to a different conclusion that the trial judge feels was more reasonable. See id.; Lee v. Adrales, 778 F.Supp. 904, 907 (W.D.Va. 1991).
Stebbins argues that the disparity between the amount of economic loss testified to by Stebbins’s expert and the amount awarded by the jury shows that the verdict was unfair and inadequate. Stebbins contends that the economic loss testified to by his expert witness was never rebutted by Clark and England. Moreover, Stebbins argues that Clark and England’s counsel acknowledged and stipulated to an economic loss of at least $595,319 in their closing argument. Stebbins further argues that the sheer disparity between the economic valuation of almost $600,000 and the jury’s award of $58,000 for the loss of Stebbins’s wife demonstrates that the jury must have been confused or acted improperly.
This Court cannot, however, find that Stebbins has shown that the damages were inadequate. Virginia law provides that it is not the expected total earnings of a decedent that are to be awarded to beneficiaries, but instead the portion of those earnings that the beneficiaries might reasonably expect to receive. See Wilson v. Whittaker, 207 Va. 1032, 154 S.E.2d 124, 128 (Va.1967); Wolfe v. Lockhart, 195 Va. 479, 78 S.E.2d 654, 658 (Va.1953). Although Stebbins argues that the amount of economic damages was not contested because there was no rebuttal expert presented by Clark and England, Stebbins did not present evidence irrefutably establishing what portion of those economic damages Stebbins was entitled to receive.
Although Stebbins introduced evidence concerning his emotional loss, he did not specify economic loss or indicate the portion of the decedent’s income that he would reasonably be expected to receive. It was within the province of the jury to decide whether the amount testified to by the expert was accurate and what portion of the decedent’s lifetime earnings Stebbins was entitled to receive. The Virginia Supreme Court has held:
[W]here the plaintiffs evidence of special damages is controverted, doubtful as to nature and extent, or subject to substantial question whether attributable to the defendant’s wrong or to some other cause ... then neither the trial court nor we, on appeal, can say that the plaintiffs special damages constituted any fixed part of the jury’s verdict. In such a case, a rational fact-finder might *203 properly find the plaintiff entitled to considerably less than the amount claimed as special damages, rendering it impossible for the court to determine what amount might have been awarded for pain, suffering, and other non-monetary factors. In such a case, the verdict cannot be disturbed on a claim of inadequacy.
Bradner v. Mitchell, 234 Va. 483, 362 S.E.2d 718, 721 (Va.1987). In this case, Stebbins has no uncontroverted evidence of special damages beyond the funeral expenses. Moreover, this case cannot be compared with cases in which the plaintiff is the injured party suing for personal injuries and personal economic losses such as lost wages. Because Stebbins did not prove the amount of his late wife’s projected earnings that he was entitled to receive, we cannot find that the district court erred in denying the motion for new trial or that the amount awarded shocks the conscience and creates an impression that the jury acted improperly.
Stebbins also argues that Clark and England’s counsel stipulated to the amount of Stebbins’s loss during closing arguments. However, the argument of counsel is not considered evidence. See Mosser v. Fruehauf Corp., 940 F.2d 77, 82 (4th Cir.1991). Moreover, beyond the statements made by Clark and England’s counsel regarding the amount of compensation, Clark and England’s counsel vigorously cross-examined Dr. Edwards during trial and argued that Clark and England disagreed with the calculations provided by Dr. Edwards. This Court also finds that the district court was correct when it determined:
Had there been a stipulation, the jury would not have been asked to determine the compensatory damages associated with Lara Stebbins’ death. Rather, a figure for her economic loss would have been included on the jury’s verdict form as the funeral expenses were and the jury would only have determined the value of Stebbins’ emotional loss.
Finally, Stebbins argues that the testimony elicited by Clark and England’s counsel on cross-examination of Stebbins regarding a potential new relationship was improper. Stebbins contends that questions addressing the possibility of remarriage in the future are not permissible and constitute reversible error. Although Stebbins’s counsel objected when defense counsel asked Stebbins about a possible relationship, counsel did not object to the specific question concerning remarriage. Where a party fails to object to the admission of evidence, this Court must review the admission for plain error. See United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); United States v. Chin, 83 F.3d 83, 86 (4th Cir.1996). Plain errors are those errors that seriously affect the fairness, integrity or public reputation of judicial proceedings, and are obvious and substantial. See Calcasieu Marine Nat’l Bank v. Grant, 943 F.2d 1453, 1460 (5th Cir.1991).
Although a majority of jurisdictions do not allow a jury to consider the possibility of remarriage in awarding damages for the wrongful death of a spouse, Stebbins has not presented cases or any controlling case law showing that such evidence as was presented in this case would constitute reversible error. See Phelps v. Magnavox Co. of Tennessee, 497 S.W.2d 898, 902 (Tenn.Ct.App.1972); Stephens v. Natchitoches Parish Sch. Bd., 110 So.2d 156, 166 (La.Ct.App.), rev’d on other grounds, 238 La. 388, 115 S.O.2d 793 (1959); Bell Aerospace Corp. v. Anderson, 478 S.W.2d 191, 199 (Tex.Ct.App.1972). Stebbins has not shown that the admission of such evidence, even if it were in error, affected the fairness, integrity or public reputation of the *204 judicial proceedings. Stebbins argues that the amount of the jury award, by itself, constitutes strong circumstantial evidence that the jury improperly decided that Stebbins would soon remarry and would suffer economic loss and grief for only a short period of time. This Court has, however, established that the jury award is not inadequate as a matter of law. Because Stebbins has presented no explanation of how any obvious or substantial error affected the proceeding, Stebbins’s motion for new trial on this ground must also be denied.
In summary, this Court cannot find that the verdict was against the clear weight of the evidence, based upon evidence which was false or that it would result in a miscarriage of justice. No credible evidence has been produced to show that the award of damages was not the product of a fair and impartial decision. This Court, therefore, cannot find that the damages were so inadequate as to shock the conscience or create the impression that the jury has been influenced by passion or prejudice.

AFFIRMED.

. Although Clark and England's counsel said "$790,055,” it is apparent that counsel intended to refer to the figure testified to by Stebbins's expert, $780,055.

. The jury also awarded $5,000 each to Stebbins’s wife’s parents.